McCALEB, Justice.
 

 John J. Krieger is appealing from his conviction and sentence to serve three and one-half years in the state penitentiary for forgery and issuing a forged writing in violation of Article 72 of the Criminal Code. During the course of the trial, he reserved five bills of exception. He has abandoned two of the bills in this court and another, which was taken to the refusal of the judge to grant a new trial on the ground that the verdict is contrary to the
 
 *266
 
 law and the evidence, presents nothing for review. This leaves for consideration bills Nos. 1 and 4.
 

 The first bill of exception was taken to the action of the trial judge in overruling appellant’s challenge to the jury venire. After the drawing of the petit jury venire for the term of October 1946, appellant challenged and moved to set aside the venire on the ground that the method adopted by the jury commission in selecting the venire was not impartial in that the jury commissioners systematically, intentionally and consistently “excluded all persons, and particularly white persons, who work for and earn a daily wage or wages from the venire from which the jury to serve herein must necessarily be chosen.” The State demurred to this motion on the ground that it had not been made within the time required by Article 202 of the Code of Criminal Procedure. The judge overruled the demurrer of the State and heard the evidence tendered in support of the allegations of appellant’s motion. After hearing this evidence and also the testimony of the Chairman of the Jury Commission for the Parish of Orleans, the judge overruled appellant’s motion being of the opinion (1) that it was filed too late and (2) that, even if it had been filed timely, the evidence tendered in support of it failed to prove the charges made therein.
 

 Appellant, in complaining of the ruling of the judge, contends that he has the constitutional right to be tried by a jury drawn from a group of persons representing a cross section of the community; that the proof shows that there were no white manual laborers drawn for the petit jury venire and that laborers of that type were systematically excluded by the jury commissioners.
 

 On the other hand, the State maintains (1) that its demurrer is well founded because the issue respecting the jury venire was not raised within the time required ■by Article 202 of the Code of Criminal Procedure; (2) that, even if the challenge had been timely filed, it is without merit because appellant failed to prove, or even allege, that fraud had been practiced “or some great wrong committed” causing him irreparable injury (as prescribed by Article 203 of the Code of Criminal Procedure) and (3) that, in any event, the evidence discloses that neither white laborers nor any other class of persons was systematically excluded by the Jury Commission.
 

 We do not deem it necessary to consider the first two points urged by the State inasmuch as an examination of the evidence produced on the trial of the motion reveals that appellant has utterly failed to prove the charges made by him. The only pertinent testimony produced in support of the' motion was given by appellant’s brother who stated, in substance, that he had made an investigation of the 150 names composing the venire from which the 50 petit jurors were drawn; that he found but few manual laborers included on the list
 
 *267
 
 and that all of those were colored men. This evidence, standing alone, cannot suffice to sustain the charge that the jury commission had systematically excluded white manual laborers from the list. But, beyond this, the State exhibited by the evidence of Mr. J. W. Hogue, Chairman of the Jury Commission for the Parish of Orleans, that there was no basis whatever for the complaint of appellant. The trial judge, in commenting favorably upon the testimony of Mr. Plogue, summed up his statement as follows: “The said Commission has never refrained from accepting for jury service any class of citizens because of their race, color, economic condition, political affiliation, or geographical location in the City of New Orleans; that men have never been excluded from the jury rolls because they were laborers; that in some instances laborers have been excused from jury service when they have represented that if they failed to work they would not be paid while on jury service; that if the laborer did not make such claim his name was placed in the wheel; that as evidence of that policy there were a number of laborers in the wheel; that names were placed in the wheel indiscriminately without regard to race or color designation.” And, in his per curiam, the judge sets out the different occupations of the ISO persons from whose names the October venire was selected. These occupations are varied in character and represent a cross section of the community.
 

 Counsel for appellant attacks the evidence of Mr. Hogue as evasive and accuses him of quibbling. After a careful perusal of the entire statement of the witnesses, we are of the opinion that the criticism is not well founded and believe that the trial judge properly accepted the testimony as explicit and trustworthy.
 

 In arguing that the judge should have sustained the challenge to the jury venire, counsel cites and relies upon the cases of Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181, 166 A.L.R. 1412 and Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 1632, 91 L.Ed. 2043, decided on June 23, 1947. These authorities are without application in view of our conclusion that the claimed exclusion of white manual laborers from the petit jury venire does not exist.
 
 [1]
 

 
 *268
 
 Bill of exception No. 4 was taken to the ruling of the trial judge in excluding from the jury the testimony of appellant to the effect that the names of certain persons (whose signatures were charged to have been forged by appellant) had not been placed by him on the city payrolls on his own initiative and that he had been ordered to place said names on the payrolls by his superior officer, the Deputy Commissioner of Public Property of New Orleans.
 

 We find no merit in this bill. Appellant was charged with forgery and issuing a forged instrument. The signatures allegedly forged by him were on checks made payable to persons who had been placed on the garbage payroll account of ihe Department of Public Property, Division of Public Works of the City of New Orleans, where appellant held the position of Chief Clerk. The fact that he did not place the names on the payroll list or maintain them on said list was without any materiality or relevancy to the charge of forgery of the names of the persons to whom the checks were payable.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 Even if the charges contained in the motion had been supported by evidence, the authorities relied upon would afford little comfort to appellant in the absence of allegation and proof of injury. The Supreme Court, in Fay v. New York, supra, distinguished its decision in Thiol v. Southern Pacific Co., supra, on the ground that, in the Thiel case, it was dealing with a jury in the Federal Court over which it has plenary judicial power and it announced that it will not exert such judicial power over proceedings in a State court in relation to the enforcement of the equal protection and due process clauses of the Fourteenth Amendment of the Constitution of the United States in the absence of proof
 
 *268
 
 bv the defendant of prejudice. In concluding its opinion in the Fay case, the court said: “As there is no violation of a federal statute alleged, the challenge to this judgment under the due process clause must stand or fall on a showing that these defendants have had a trial so unfair as to amount to a taking of their liberty without due process of law. On this record we think that showing has not been made.”