*758
 
 LAND, J.
 

 The defendants, Tony Danna, and Chris, Joe, and Philip Monesteri, are charged jointly with cutting one Charley Leto with a knife with intent to murder.
 

 Danna was acquitted. The other three defendants were found guilty of cutting with a dangerous weapon, with intent to kill, and each was sentenced to the state penitentiary for a term of not less than eighteen
 
 months
 
 nor more than three years at hard labor.
 

 The appeal by these defendants presents for our consideration seven bills of exceptions.
 

 Bill No. 1.
 

 Josephine Schillasi, a prosecuting witness, was asked on cross-examination by counsel for defendant: “When did you and Joe Lalla, your brother, start speaking to each other? How many fights have you had before this?”
 

 These questions were objected to by the district attorney as immaterial and irrelevant, and the objection was sustained.
 

 Counsel for defendants contends that he had the right to show the fighting qualities of the Schillasi and Lalla families and to prove that there was one continual fight between these families in their neighborhood, in order to test the credibility of the witness.
 

 Lalla was in no way connected with the case. He was neither a defendant nor a witness, and the question of his reputation was wholly irrelevant and immaterial.
 

 The number of fights which the witness, Josephine Schillasi, may have had with other persons prior to the prosecution in this ease, was equally immaterial and irrelevant.
 

 If the introduction of such evidence was an attempt to show the dangerous and quarrelsome reputation of the witness, who .was with Charles Leto when he was assaulted by defendants, the proper foundation had not been laid by proof of an overt act. Code Cr. ■Proc. art. 482.
 

 The ruling of the trial judge is correct and is approved.
 

 Bill No. 2.
 

 On the trial of the ease, the judge of the the city court of Hammond was placed upon the witness stand by the defendants in order to prove that Chaxdes Leto, the chief prosecuting witness for the.state, had been convicted of assault and battery, and of another charge, in the city court.
 

 The trial judge permitted evidence of the convictions and for what crimes, but excluded the details of the evidence on which Leto had been previously convicted.
 

 To retry these cases in the district court and to go into the evidence pro and con as .to why Leto was convicted in the city court of Hammond was not permissible, and would have been a useless waste of the valuable time of the court.
 

 Evidence of conviction of a crime is admissible for the purpose of impeaching the credibility of the witness. Code Cr. Proc. art. 495.
 

 But, clearly, the details of the evidence upon which the conviction has been secured are immaterial and inadmissible.
 

 Bill No. 3.
 

 On the trial of the case, defendants offered a certificate of the superintendent of the Charity Hospital of New Orleans to prove laceration of both hands of Philip Monesteri. The certificate reads as follows:
 

 “To whom it may concern:
 

 “This is to certify that Philip Monesteri applied at accident room for treatment on May 26th, 1929. Diagnosis: Laceration of
 
 *760
 
 both hands.' He has been treated in the Clinic ever since and is still being treated there. Arthur Yidrine, M. D.
 

 “Superintendent.”
 

 Defendants offered the certificate without any proof that the signature to same was genuine. The evidence was objected to by the district atiorney on this ground, and on the further ground that the certificate was a mere ex parte statement, and the state had the right to cross-examine the witness.
 

 Both of these objections were sustained by the trial judge, and properly so, in our opinion.
 

 Bills Nos. 4, 5, and 6.
 

 The defendants Philip Monesteri, Tony Danna, and Joe Monesteri requested the trial judge to appoint an interpreter for them during the trial of the ease. This request was refused, and the bills above were reserved.
 

 As Danna was acquitted, bill No. 5, reserved by him, is out of the case.
 

 The defendant Philip Monesteri had lived two miles west of Hammond about 24 years. 1-Ie emigrated from Italy when he was 15 years of age.
 

 The defendant Joe Monesteri had lived near Hammond for many years, and spoke and understood English about as well as the person sought to be appointed interpreter.
 

 The testimony of these defendants is in the record, and shows upon its face the ability of each to speak and understand English sufficiently well to testify without the assistance of an interpreter.
 

 We agree with the trial judge that the appointment of an interpreter would have resulted only in unnecessary delay and confusion.
 

 BUI No. 7.
 

 This bill is reserved to the overruling of a motion for a new trial by the judge a quo.
 

 This motion is based upon the errors assigned in the various bills already disposed of, and upon the usual ground that the verdict is contrary to the law and the evidence.
 

 In overruling the motion for a new trial, the judge a quo stated that: “The evidence in this case would have justified a more serious indictment, that is, lying in wait, armed with a dangerous weapon and an assault with intent to njurder.”
 

 The motion for new trial was properly overruled.
 

 The conviction and sentence of each of the defendants Philip Monesteri, Joe Monesteri, and Chris Monesteri, herein appealed from, are affirmed.