THOMPSON, J.
 

 The grand jury returned three separate indictments against the four defendants, Tony Danna, Ohris, Joe, and Philip Monesteri. In one of the indictments the parties were charged jointly with cuttting one Charley Leto' with a knife with intent to murder. In the second indictment they were charged with cutting with a knife with intent to murder one Lena Schillacy, and in the third indictment they were charged with cutting with a knife with intent to murder one Josephine Schillacy.
 

 The three indictments were returned and filed on the same day and it is conceded that the three separate crimes charged were committed in one continuous difficulty.
 

 The parties were tried under the indictment for cutting Charley Leto, which resulted in the acquittal of Tony Danna and the conviction of the other three for eutting with intent to kill.
 

 On appeal this court affirmed the conviction. State v. Tony Danna, 170 La. 755, 129 So. 154.
 

 After the judgment of this court became final, the state sought to put the four parties on trial under the second and third indictments.
 

 All four of the parties filed a demurrer against any further prosecution based on article 218 of the Code of Criminal Procedure. Tony Danna also filed a plea of autre fois acquit and the other three a plea of autre fois convict in bar of any further prosecution.
 

 The pleas were sustained and the defendants were discharged. Prom that judgment the state has appealed.
 

 Article 218 of the Code of Criminal Procedure declares that when two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie; but each of said distinct crimes may be separately charged in distinct counts in the same indictment.
 

 We had occasion to consider the question here presented in the recent case of State v. Roberts, 170 La. 727, 129 So. 144, and we there held that the- article of the Code was both, mandatory and prohibitory in that the grand jury must return but one indictment including therein the several crimes in separate counts and was forbidden to find separate indictments for two or more crimes resulting from a single act or from one continuous unlawful transaction.
 

 We find no good reason for departing from the holding in that case, and it is now reaffirmed and the ruling is controlling in the instant case.
 

 In the Roberts Case we said that there can be no reason in law or logic why the state should not be limited to one indictment and one trial for two or more crimes of like magnitude and triable before the same tribunal, where they are so related, connected, and continuous as to form but one transaction.
 

 We did not mean to hold that all parties so charged in one indictment must be tried at one and the same time. Circumstances may arise in which all of the parties charged cannot be brought to trial at the same time.
 

 In such a situation a trial of one or moro of the parties charged would not prevent a subsequent trial of the others jointly charged.
 
 *631
 
 Nor could the result of the trial of some be pleaded by the others in bar of their subsequent trial.
 

 And where two or more crimes charged in one indictment growing out of the same unlawful transaction are triable before different tribunals and are subject to different degrees of punishment, each of such crimes must of necessity be separately tried according to the degree of punishment as provided in the constitution. State v. Hill, ante p. 277, 130 So. 865.
 

 The judgment appealed from by the state is affirmed.