38 So.2d 148

**STATE v. VALLERY.**

No. 39122.

Dec. 13, 1948.

Edwin I. Mahoney, of New Orleans, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen. and Herve Racivitch, Dist. Atty. and Robt. E. Le Corgne, Jr., both of New Orleans, for appellee.

MOISE, Justice.

The accused, Oliver Vallery, was charged with the crime of armed robbery. He was tried and found guilty as charged and sentenced to serve a term of nine years in the State Penitentiary, at hard labor. From this conviction and sentence he has appealed.

The record discloses that in his motion for a new trial the defendant reiterates the bills of exception reserved during the trial, and in addition thereto filed an assignment of errors based on the insufficien-

cy of the evidence. The entire evidence is annexed to the motion for a new trial to show that the guilt of the accused of the crime charged was not established beyond a reasonable doubt.

It is solely within the province of the jury as exclusive judges of the facts in criminal cases to pass upon the credibility of the witnesses and the weight and sufficiency of the evidence. These are matters that we can not review under our appellate jurisdiction, which is restricted to questions of law alone in criminal cases. Const. 1921, Art. VII, Sec. 10; Art. XIX, Sec. 9. Under our jurisprudence this court can not pass upon the sufficiency of the evidence on an appeal in a criminal case where there is some evidence, no matter how little, upon which a verdict of guilty can be predicated, since that is a matter with which the trial judge and the jury are exclusively concerned. State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Davis, 208 La. 954, 23 So.2d 801 and State v. Valentine, 203 La. 1057, 14 So.2d 851.

The grounds set out in the motion for a new trial and designated as Bill of Exception No. 1 would show that while the prosecuting witness was on the stand on cross-examination, it was developed that he had made a signed statement at the police station on the night of the robbery. The defendant asked for oyer of the statement in possession of the district attorney and it was refused. The court sustained the objection made by the State to the production of the document and the defendant reserved a bill of exception. The significant matter here is that the State did not offer this document in evidence. The prosecuting witness was present in court, he gave his testimony and submitted himself for cross-examination. It is contended by the defendant that such a record is public. This is opposed to the finding of this Court in the following cases: State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Dallao, 187 La. 392, 175 So. 4; State v. Lee, 173 La. 966, 139 So. 302.

Act No. 195 of 1940 and Act No. 242 of 1912, as amended by Act No. 255 of 1920, deal with the subject of public records. The provisions of Sec. 5 of Act No. 242 of 1912, as amended, are similar to those of Sec. 3 of Act No. 195 of 1940. This Sec. 3 of the latter act reads: "The provisions of this Act shall not apply to public records, as defined herein, when the same are held by any sheriff, district attorney, police officer, * * * *as evidence in the investigation for or prosecution of a criminal charge, until after such public records have been used in open court or the criminal charge has been finally disposed of;* * * *." This Act is positive in its terms; the language used is clear and free from ambiguity, and the court is duty bound to give full effect to the enactment. (Italics ours.)

We find no prejudicial error in the record.

For the reasons assigned, the verdict and sentence appealed from are affirmed.