McCALEB, Justice.
 

 On March 15, 1952, appellant was charged jointly with one Eugene Mogabgab with violating LSA-R.S. Title 37, Chapter 3, in that they *•■ * did'knowingly, wilfully, and unlawfully advertise themselves as architects and .use the word architect to describe themselves * * * ” without being duly licensed as such.
 

 The bill of information is in ten counts, the first nine of which charge the aforesaid violation of the law on different occasions in 1950 and 1951 as separate offenses and the last count negatives the accrual of prescription, it being alleged that less than a year had elapsed since the commission of the offenses was made known to the judge, district attorney or grand jury having jurisdiction. A severance was granted in the case on behalf of the State and, following the overruling of certain preliminary pleas, appellant was tried and found guilty on counts one and four and acquitted on the others. After imposition of a sentence to pay a fine of $500 or serve 20 days in the parish prison on count 1 and a $250 fine or serve ten days on count four, he prosecuted this appeal, which presents six bills, of exceptions for consideration.
 

 
 *960
 
 ■ The first hill was ■ reserved when the court denied appellant’s plea for oyer of (1) the- originals or photostats of plans,drawings, specifications, contracts, photographs or other documents in the possession of the State, which it intended to offer in connection with the prosecution of the case, and (2) any written or oral statements, confessions or admissions made by him.
 

 The ruling is correct. It is the settled law of this State that an accused in a criminal case is without right to a pretrial inspection bf the evidence upon which the prosecution relies for a conviction. State v. Bankston, 165 La. 1082, 116 So. 565; State v. Lee, 173 La. 966, 139 So. 302; State v. Dallao, 187 La. 392, 175 So. 4; State v. Dorsey, 207 La. 928, 22 So.2d 273; State v. Williams, 211 La. 782, 30 So.2d 834; State v. Simpson, 216 La. 212, 43 So.2d 585; State v. Martinez, 220 La. 899, 57 So.2d 888 and State v. Matassa, 222 La. 363, 62 So.2d 609. A single exception exists in the case of a written confession of the accused. State v. Dorsey, supra. ■ But, in the matter - at hand, the State did not attempt to prove either -a written or oral confession.
 

 Bill No. 2 was taken when- the trial judge overruled appellant’s application for a bill of particulars in which he requested that he be informed whether the advertisements. referred to in the bill of information were written or oral and public and, if written, whether'-the 'use of the word “architect”, referred to in the information, was in' print or in -appellant’s handwriting..
 

 The judge did not abuse his discretion in denying appellant’s request. The bill of information was drawn in- the language of the statute, LSA-R.S. 37:158, subd. A, and charged that appellant and another had violated the law by advertising themselves as architects and used.the word “architect” to describe themselves when they were not. licensed. This fully informed them of the nature of the accusation and supplied all information necessary to adequately prepare their defense. The particulars demanded have no reference to the charges but rather were a request for information concerning .the .kind and character of the State’s evidence to which appellant was not entitled. State v. Poe, 214 La. 606, 38 So.2d 359.
 

 Appellant further claims in his bill of particulars that he should be informed of the section or sections of the statute under which he was being prosecuted. But we know of no reason for requiring the State to furnish the section number of the Revised Statutes. State v. Dudenhefer, 122 La. 288, 47 So. 614. On the contrary, it sufficed to allege that the acts were contrary to the law of the State and,against the peace and dignity of the same. LSA-R.S. 15 :229.
 

 Bill of Exceptions No. 3 presents for consideration the overruling of appellant’s motion to quash the .'bill of informa
 
 *962
 
 tion. The basis of this motion is that Chapter 3 of Title 37 of the LSA-Revised Statutes is unconstitutional in that it fails to adequately define the word “architect” or the acts constituting the practice of architecture, thus making it necessary for the court to supply the meaning and thereby assume a legislative function in violation of Sections 1 and 2 of Article 2 of the Constitution. And it is further stated that this deficiency of the statute renders the bill of information violative of Section 10 of Article 1 of the Constitution in that it fails to inform appellant of the nature and cause of the accusation against him.
 

 We find no merit in these contentions for — assuming (without deciding) that the definition of an architect, as set forth in LSA-R.S. 37:141, is insufficient to describe the nature of the profession and to support a prosecution for violation of LSA-R.S. 37:145, which makes it unlawful to practice architecture without possessing the qualifications required by the Chapter, it avails appellant nothing in this case because he is not being prosecuted for practicing architecture without possessing the qualifications specified by the law but for violating LSA-R.S. 37:158, subd. A, by advertising himself as an architect, and using the word “architect” to describe himself when he was not duly licensed as such.
 
 [1]
 

 LSA-R.S. 37:141 defines an architect to be “one who professes to practice his profession or who advertises and holds himself out as such” and LSA-R.S. 37:158, subd. A makes it unlawful for one to advertise himself as an architect or to use the word architect to describe himself when he -is not licensed. Hence, it is clear that one charged in the language of LSA-R.S. 37:158, subd. A (as appellant) is fully informed of the nature and cause of the accusation. Under such a charge, the court need do no more than literally apply the statutory definition of an architect, as a person who assumes that title; it is not obliged to determine the acts constituting the practice of architecture in order to reach its judgment. Compare, State v. Truby, 211 La. 178, 29 So.2d 758; State v. Vallery, 212 La. 1095, 34 So.2d 329 and State v. Kraft, 214 La. 351, 37 So.2d 815.
 

 The fourth bill of exceptions was reserved when the judge sustained the State’s objection to testimony sought to
 
 *964
 
 be elicited by defense counsel from Mr, James O’Connor, Jr., a former district attorney, for the purpose of showing appellant’s good faith and also that the alleged offenses contained in the bill of information were prescribed.
 

 There is no substance in this bill. The judge properly sustained the State’s objection because the testimony sought from Mr. O’Connor was irrelevant, consisting of his opinion as to the legality of appellant’s operations several years prior to the date of the commission of the offenses charged in the bill of information. Likewise, it would have been incorrect to allow Mr. O’Connor to state his belief respecting appellant’s good faith or that he was making an honest effort to comply with the law during Mr. O’Connor’s tenure of office.
 

 The argument of counsel that Mr. O’Connor’s knowledge of appellant’s acts while he was district attorney had bearing on the question of prescription is without merit for the reason that the acts for which appellant was being prosecuted occurred in subsequent years.
 

 Bill of Exceptions No. 5 was taken to the overruling of a motion for a new trial. In this motion, counsel reurge the propositions of law heretofore discussed in bills Nos.. 1, 2 and 3, and further contend that the judgment of conviction is contrary to the law and the evidence. This presents nothing for review.
 

 Bill No. 6 was taken to the overruling of appellant’s motion in arrest of judgment which is based on the same grounds urged in his motion to quash the bill of information.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 . The assumed unconstitutionality of LSA-R.S. 37:145 would have no effect whatever on the validity of LSA-R.S. 37:158, since Chapter 3 of Title 37 is a part of the Revised Statutes which contains a clause providing that, if any provision thereof is declared unconstitutional or invalid, “the other separable provisions or parts thereof shall not be affected thereby”. See Section 3 of the Revised Statutes of 1950. We think that the provisions which appellant claims to be objectionable are clearly separable from the section under which this prosecution was had as this section is not so interrelated with the former as to depend on its existence for its vitality. Stewart v. Stanley, 199 La. 146, 5 So.2d 531; Ricks v. Close, 201 La. 242, 9 So.2d 534 and Womack v. Varnado, 204 La. 1019, 16 So.2d 825.