PONDER, Justice.
 

 The defendant, Robert Lea, was indicted, tried and convicted for the crime of murder and sentenced to be electrocuted. He has appealed from the conviction and sentence.
 

 During the course of the trial, counsel for the defendant reserved eighteen bills of exception to the rulings of the trial court.
 

 Bills of Exception Nos. 1, 2, and 4 were reserved to the refusal of the trial judge to quash the indictment on the ground that members of the Negro race were systematically excluded from the grand jury which indicted him, and the refusal of the trial judge to permit him to produce witnesses to establish this fact. The trial judge in his per curiam states that grand juries in Orleans Parish from time immemorial have been composed of only white persons. Counsel for the de-.
 
 *729
 
 fendant contends that the accused has been denied due process and equal protection in violation of the State and Federal Constitutions. The defendant is a member of the white race and the man whom he is convicted of murdering is also a member of the white race. To support his contention, counsel for the defendant relies on a .state statute and a federal statute to the effect that no. person possessing the qualifications prescribed by law shall be disqualified for jury service, either grand jury or petit, in any court of the United States or of any state on account of race, color or previous condition of servitude. 18 U.S.C.A. § 243, LSA-R.S. 15:172. He also relies on the holdings in the cases of: Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181; Smith v. Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84; Glasser v. U. S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Ballard v. U. S., 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181; Nanfito v. U. S., 8 Cir., 20 F.2d 376; U. S. v. Foster, D.C., 80 F.Supp. 479; U. S. v. Dennis, 2 Cir., 183 F.2d 201.
 

 We have examined all of the cases cited by counsel and do not find them applicable for the reason that the question at issue herein was not at issue in those cases. As we take it, the defendant is contending that he has been discriminated against by the exclusion of a race or class of persons to which he does not belong. In our review of the decisions of this Court and the Supreme Court of the United States, we do not find any case wherein the verdict of a jury was reversed on the ground of systematic exclusion of a class or race except where the accused was a member of that class. We feel that this conclusion is supported by the following, authorities: Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043; State v. Krieger, 212 La. 527, 33 So.2d 58; State v. Poe, 214 La. 606, 38 So.2d 359; American Jurisprudence, Vol. 12, page 138, para. 474; Vol. 11, page. 759, para. 114.
 

 Bill of Exception No. 3 was taken to the refusal of the trial judge to recuse himself. The motion to recuse is based on the ground that the trial judge was the father of Malcolm O’Hara, assistant District Attorney, who allegedly appeared before the grand jury and engaged in the investigation and preparation of the case. It is not contended that Malcolm O’Hara participated in the trial of the case.
 

 LSA-Revised Statutes 15:303 provides for the mandatory recusation of the judge when he is related within the second degree to an attorney on either side of the cause. This question was heretofore presented to this Court under a similar statute and it was held that the statute had no application where an attorney was a public officer representing the state by virtue of his office. This Court held that the judge is not required or permitted to recuse himself in a case wherein his father, brother, or son appears before' him in his capacity as a public officer representing the state
 
 *731
 
 or a public body. State v. Standard Oil Co., 164 La. 334, 113 So. 867; see also In re Borie, 166 La. 855, 118 So. 45 and In re Mereaux, 202 La. 736, 12 So.2d 798.
 

 Bill of Exception No. 5 was taken to the ruling of the trial judge refusing the defendant’s prayer for oyer of an oral confession made by the defendant. In the case of State v. Dorsey, 207 La. 928, 22 So.2d 273, this Court set the precedent compelling the state to turn over to defense counsel in advance of trial copies of written confessions it might have in its possession. Many attempts have been made by attorneys to extend this legal principle which this Court has refused to do. State v. Simpson, 216 La. 212, 43 So.2d 585; State v. Martinez, 220 La. 899, 57 So.2d 888.
 

 Counsel for defendant states in his brief that he finds no merit in Bills No. 6, 10, 14 and 17. However, he says that he does not abandon these bills but is confident the Court will give him the benefit of any merit it may find in them.
 

 Bill of Exception No. 6 was taken to the overruling of defendant’s motion to examine singly and separately each juror on their voir dire. . Three jurors were called and sworn at one time and counsel was permitted to examine each juror as to his qualifications. Under such circumstances, he could suffer no injury by this method of procedure.,.
 

 Bill of Exception No. 10 was taken to the overruling of the defendant’s objection to the introduction of two photographs. The photographs were offered to identify the deceased and to show the location of the wound on his body. We have examined the photographs and do not find them to be gruesome. It appears from the per curiam of the trial judge that the identity of the deceased was at issue in the trial of the case and that the location of the wound was relevant. We find no merit in this bill.
 

 Bill of Exception No. 14 was taken to the overruling of counsel’s objection to a question propounded to a witness by the state, viz.: “Did you hear this person make any expression or statement.” It appears that this witness was relating what transpired at the time the deceased was killed when this question was asked, referring to the deceased. The evidence was clearly admissible and we find no merit in this bill.
 

 Bill of Exception No. 17 was taken to the overruling of defendant’s objection to a statement made by the court at a hearing of a lunacy commission prior to the trial. Defendant contends that the statement was prejudicial to the rights of the accused and was an improper comment on the evidence. The statement was not made during the trial of the case but at a hearing of the lunacy commission prior to the trial of the case. When the law prohibits
 
 *733
 
 the trial judge from commenting on the evidence, it means during the trial of the case and not any comment made at any prior preliminary proceeding.
 

 Bill of Exception No. 7 was taken to the court’s overruling defendant’s motion to exclude the mother and close relatives of the deceased from the courtroom, based on the ground that they might make a remark or an emotional demonstration which might prejudice the accused. The trial judge, out of undue precaution, summoned the relatives of the deceased to his chambers, out of the presence of the jury, and they assured the court that they understood their obligation to remain quiet throughout the proceedings and, according to the per curiam, they did remain quiet. Such being the case, there is no merit to this bill.
 

 Bill of Exception No. 8 was taken to the refusal, of the trial judge to sequester the witnesses at the commencement of the examination of the prospective jurors on their voir dire. The witnesses were sequestered before the prosecution began its opening statement and remained so throughout the trial. Under the provisions of LSA-R.S. 15:371, the judge may at any stage of the trial order the sequestration of the witnesses. The sequestration of witnesses is within the sound discretion of the court and this Court has on numerous occasions held that a verdict of a jury will riot be set aside in the absence of any showing of an abuse of this discretion.
 

 Bills of Exception Nos. 9, 11, and 12 were taken to the overruling of defendant’s objection to the admission of three confessions, two oral and one written. 'Counsel for the defendant contends that the confessions were not freely and voluntarily made. It appears from the per curiam of the trial judge that the state laid the proper foundation for all three of the confessions by positive proof that they were freely and voluntarily made. In fact, the defendant himself admits in his testimony that he was not induced to make the statements by any promises nor was he forced to make the statements because of any threats, intimidation, or harm done him. There is testimony in the record to the effect that, after the defendant had made the first oral confession and prior to his making ’the second oral confession, a civilian oil station operator, who held an honorary special agent’s commission for the Department of Wildlife and Fisheries, struck the defendant while he was in the custody of two police officers. ¡.^The police officers immediately intervened and informed this civilian to cease his belligerent attitude towards the defendant, which, in effect, was informing him that they would not tolerate any mistreatment of the defendant. A reading of the testimony of the defendant demonstrates, that he was not influenced in making the second confession by the act of this civilian. See State v. Joseph, 217 La. 175, 46 So.2d 118.
 

 
 *735
 
 Bill of Exception No. 13 is levelled at a remark made by a prospective juror while being examined by counsel for the defendant. It appears that counsel for the defendant informed the prospective juror that the defendant was pleading not guilty and not guilty by reason of insanity. Thereupon the prospective juror asked counsel, “Is he pleading insanity,” and counsel replied, “Yes,” then the juror stated, “He doesn’t look insane to me.” Counsel for the defendant moved for a mistrial based on this quoted comment. The court refused to order a mistrial and instructed the jurors to disregard this statement if they heard it. The prospective juror was excused by the court for cause. A new trial should not be granted because some witness or prospective juror happens' to make some statement that is completely .unresponsive to any question propounded to him and for which neither counsel nor the court are in the slightest measure responsible. State v. Simpson, 216 La. 212, 43 So.2d 585 and authorities cited therein.
 

 Bills of Exception Nos. 15, 16, and 18 were reserved to the trial judge’s rulings denying a motion for a new trial and a motion in arrest of judgment. Counsel for the defendant states in his brief that all points raised by these bills of exception were argued at length in the foregoing bills of exception. Having disposed of the foregoing bills of exception, we conclude there is no merit in these bills.
 

 For the reasons assigned, the conviction and sentence are affirmed.