195 So.2d 273

**STATE of Louisiana**

v.

**Robert HUNTER.**

No. 48432.

Feb. 20, 1967.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for relator.

John P. Dowling, New Orleans, for respondent.

SANDERS, Justice.

Presented for decision here is the much-discussed question of whether broad pre-

trial discovery shall be allowed in state criminal cases.

The Orleans Parish Grand Jury indicted Robert Hunter for murder. After the court had appointed counsel for him, the defendant pleaded not guilty. The court granted him time to file special pleadings.

The defendant filed a prayer for oyer, seeking to require the State to furnish him a copy of the police report concerning the crime, the weapon used in the crime, a copy of any written confession, a copy of oral confessions or statements, all photographs, and all clothing and physical evidence. The State answered the prayer for oyer, disclosing it had no written statements made by defendant but objecting to furnishing the defendant the other items requested.

Defendant also filed a motion for a bill of particulars, to require the State to furnish before trial extensive information, including the exact date, time and place of the crime; weather conditions at the time of the crime; description of any weapon, tool or vehicle used in the crime; description of clothing and other objects held by the State; the name and address of all persons interviewed by the police who would not be called as witnesses; the exact time of arrest; the police station, time and date that defendant was booked; the names and addresses of the arresting and booking officers; and the section of the Louisiana Criminal Code under which the State intended to try the cause. The State answered informing defendant that the crime occurred between 10:00 p. m. and midnight on August 11, 1966, in the front room of the house at 2319½ S. Roman Street; that the weapon used was a 22-caliber pistol; that the State was proceeding under Article 30, paragraph 1 of the Louisiana Criminal Code; and that the State's witnesses and their addresses were listed on the affidavit filed in the case. Further answering, the State objected to supplying all other information requested by defendant.

After a hearing on these pleadings, the trial judge ordered the State to furnish the defendant the following additional items: (1) the weapon allegedly used in the homicide, for pre-trial inspection; (2) a copy of all *written* confessions or statements of the defendant; (3) the gist of all *oral* confessions or statements; (4) all photographs in the possession of the State, for pre-trial inspection; (5) all clothing and physical evidence, for pre-trial inspection; (6) correct information as to the location of the police station where defendant was booked and the exact date and time of his arrest; and (7) the correct names and addresses of the arresting and booking officers.

The State reserved bills of exceptions to the rulings of the trial judge and applied to this Court for relief under its supervisory jurisdiction. See Art. 7, Sect. 10, Louisiana

Constitution.. We granted certiorari to examine the rulings of the trial court, ordering the state to produce the evidence before trial.

██ The indictment of the defendant is in the short form.[1] See Art. 235, La. Code of Criminal Procedure of 1928 and State v. White, 172 La. 1045, 136 So. 47. When the short form indictment is used, the defendant is entitled to specific information concerning the nature of the crime, upon motion for a bill of particulars. State v. Barksdale, 247 La. 198, 170 So.2d 374; State v. Howard, 243 La. 971, 149 So. 2d 409; State v. Masino, 214 La. 744, 38 So. 2d 622. This does not mean, however, that the state must furnish to the defendant the details of the evidence with which it expects to prove its case. State v. Barksdale,. supra; State v. Scott, 237 La. 71, 110 So.2d 530; State v. Michel, 225 La. 1040, 74 So.2d 207; 12 La.L.Rev. 457.

██ The State's answer to the motion for a bill of particulars provides specific information as to the nature of the crime, that is, the codal provision, the time, the place, and the weapon. The information supplied exceeds that normally required. See State v. Barksdale, supra. We find it adequate to enable the defendant to prepare his defense. Hence, the state has fully complied with the law governing the bill of particulars.

██ The State's answer to the prayer for oyer recited that it had no written confession or statement of the defendant. The defense has not traversed the answer. Hence, we find the State has no written confession to which defendant is entitled under our decision in State v. Dorsey, 207 La. 928, 22 So.2d 273 (1945), requiring the production of written confessions. Other evidence in possession of the state is privileged and subject to inspection by the defense only when it is offered in evidence at the trial. State v. Pailet, 246 La. 483, 165 So.2d 294.

Our consideration of this case, however, cannot end here. The defense fervently appeals to the Court to broaden the holding of State v. Dorsey into full pre-trial discovery, as a beneficial measure to promote the fair and efficient administration of criminal justice.

██ Louisiana was in the vanguard of the states in granting a defendant the right to inspect his written confession before trial. See State v. Dorsey, supra; State v. Tune, 13 N.J. 203, 98 A.2d 881; and 74 Harv.L.Rev. 940, 1054. However, we have steadfastly refused to broaden this holding into full pre-trial discovery of the varied

---

1. "ROBERT HUNTER, late of the Parish of Orleans on the 11th day of August in the year of our Lord, one thousand, nine hundred sixty-six with force and arms in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans murdered one YVONNE CAREY * * *."

items of evidence in criminal cases. See State v. Johnson, 249 La. 950, 192 So.2d 135 (oral confession and statements of witnesses); State v. Dickson, 248 La. 500, 180 So.2d 403 (police motion picture of defendant in criminal act); State v. Pailet, 246 La. 483, 165 So.2d 294 (wire-tap recordings); State v. Bickham, 239 La. 1094, 121 So.2d 207 (defendant's oral statements); State v. Lea, 228 La. 724, 84 So.2d 169 (oral confession); State v. Shourds, 224 La. 955, 71 So.2d 340 (documents); State v. Simpson, 216 La. 212, 43 So.2d 585 (evidence produced at grand jury hearing); State v. Vallery, 214 La. 495, 38 So.2d 148 (statement of prosecuting witness); and State v. Mattio, 212 La. 284, 31 So.2d 801 (police report).

In State v. Shourds, supra, the Court stated:

"It is the settled law of this State that an accused in a criminal case is without right to a pre-trial inspection of the evidence upon which the prosecution relies for a conviction."

The holding of the Court has been dictated by vital considerations related to fair balance in criminal procedure and the protection of the public against the ravages of crime.

We are aware, of course, of the serious professional dialogue now in progress on pre-trial discovery in criminal cases. See, e. g., Louisell, Criminal Discovery: Dilemma Real or Apparent?, 49 Cal.L.Rev. 56; Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149; Traynor, Ground Lost and Found in Criminal Discovery, 39 N.Y.U.L.Rev. 228; Aronson, Pre-trial Discovery in Criminal Proceedings, 27 Brooklyn L.Rev. 318; and Fletcher, Pretrial Discovery in State Criminal Cases, 12 Stan.L. Rev. 293.

The Louisiana State Law Institute, the official state law revision agency, considered this procedural area in its extensive studies leading to the Louisiana Code of Criminal Procedure, recently enacted as Act No. 310 of 1966. The Code embodies revised procedures designed to balance "the interests of the individual and the state." Yet, the Institute refrained from adopting pre-trial discovery for criminal cases. See, e. g., Art. 484, Comment (a), C.Cr.P. We also decline to do so. We hold the view that no more can be demanded of criminal procedure than that it be carefully designed to free the innocent and convict the guilty by fair trial within our constitutional framework.

For the reasons assigned, the rulings of the Criminal District Court for the Parish of Orleans are reversed and set aside, and the case is remanded to that court for further proceedings consistent with the views herein expressed and according to law.