This case comes to us on the State's appeal from a judgment sustaining defendant's motion to quash the bill of information on the ground that Act 503 of 1966 is violative of Article III, Section 16 of the Louisiana Constitution and involves the same issue as that presented in State v. O'Dell, 253 La. 418, 218 So.2d 318, this day decided.

For the reasons assigned in the O'Dell case, the judgment appealed from herein is reversed, the motion to quash the bill of information is overruled, and the cause is remanded for further proceedings consistent with the views expressed in that matter.

218 So.2d 320

**STATE of Louisiana**

**v.**

**Edward HALL, Jr.**

**No. 49569.**

Jan. 20, 1969.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Shel-

don G. Fernandez, James J. O'Connor, Asst. Dist. Attys., for relator.

Morgan, Von Hoene & Becker, William B. Morgan II, New Orleans, for respondent.

McCALEB, Justice.

On January 25, 1968 the accused was indicted for the murder of Harold Galt. Prior to trial, defense counsel filed certain preliminary motions, among which was a Motion to Produce and Inspect, requesting a pre-trial inspection of a video-tape recording of a confession made by the accused, which has never been transcribed to a written form. After a hearing, the trial judge granted the accused's motion and ordered the State to produce, prior to trial, the video-tape recording of the confession for inspection by defense counsel. The State timely objected to the ruling and, when the objection was overruled, reserved a bill of exceptions. In due course, the State's application for certiorari was granted, and the issue presented has been argued and submitted for our decision.

The trial judge in his per curiam to the bill of exceptions stated that the question posed in the instant case is res nova and needs clarification by this Court. He then declared:

"In State v. Dorsey, 207 La. 928, 22 So.2d 273, it was decided that a defendant was entitled to a pre-trial inspection of his own written confession without reference to an oral confession, however, subsequent rulings have maintained that a defendant is not entitled to a pre-trial inspection of an oral confession. There is no guide for the Court to follow in which the distinction is clarified. *The Court is at a loss to determine what physical attributes a written confession has that distinguishes it from an oral confession or on what basis the distinction is made.*" (Italics ours)

The judge concluded that in the state of the jurisprudence he was unable to distinguish a video-tape confession from a written confession and, therefore, ordered its production for pre-trial inspection.

It is, of course, the well-settled jurisprudence of this Court that a defendant in a criminal case is entitled to a pre-trial inspection of his written confession, but he cannot be permitted to have discovery of an oral confession. In one of our recent decisions, State v. Hunter, 250 La. 295, 195 So.2d 273 (1967), it was aptly observed:

"Louisiana was in the vanguard of the states in granting a defendant the right to inspect his written confession before trial. See State v. Dorsey, supra; State v. Tune, 13 N.J. 203, 98 A.2d 881; and 74 Harv.L.Rev. 940, 1054. However, we have steadfastly refused to broaden this holding into full pre-trial discovery

of the varied items of evidence in criminal cases. See State v. Johnson, 249 La. 950, 192 So.2d 135 (oral confession and statements of witnesses); State v. Dickson, 248 La. 500, 180 So.2d 403 (police motion picture of defendant in criminal act); State v. Pailet, 246 La. 483, 165 So.2d 294 (wire-tap recordings); State v. Bickham, 239 La. 1094, 121 So. 2d 207 (defendant's oral statements); State v. Lea, 228 La. 724, 84 So.2d 169 (oral confession); State v. Shourds, 224 La. 955, 71 So.2d 340 (documents); State v. Simpson, 216 La. 212, 43 So.2d 585 (evidence produced at grand jury hearing); State v. Vallery, 214 La. 495, 38 So.2d 148 (statement of prosecuting witness); and State v. Mattio, 212 La. 284, 31 So.2d 801 (police report).

"In State v. Shourds, supra, the Court stated:

" 'It is the settled law of this State that an accused in a criminal case is without right to a pre-trial inspection of the evidence upon which the prosecution relies for a conviction.'

"The holding of the Court has been dictated by vital considerations related to fair balance in criminal procedure and the protection of the public against the ravages of crime."

While the judge has opined inability to determine any physical attributes of a written confession which distinguishes it from an oral one, we entertain no difficulty whatever in perceiving a vast difference. A written confession, as we recognized in the Dorsey case, is documentary evidence, being a writing to which the accused himself subscribes and, when the proper foundation is laid, it is admissible against him under the best evidence rule respecting the facts therein contained.

■ It is, therefore, just and proper that the accused confessor be given pre-trial access to such a confession in order to prepare for whatever defense he may have to offset, if he is able, the inculpatory statement to which he has subscribed. But pre-trial inspection must be limited to documentary confessions or other recorded admissions of guilt which may be found to be of the same evidentiary value as documentary proof for, as stated in People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84, 52 A.L.R. 200 (Cardozo, Ch. J.): "Documents to be subject to inspection must be evidence themselves * * *", the Court holding that documents in possession of the district attorney, which are themselves inadmissible in evidence, are not subject to pre-trial inspection.

Conversely, since an oral admission of guilt or statement of an inculpatory nature can only be established by parol evidence, it has no legal existence in advance of trial and is not in essence a confession until it is determined to be such at the trial. People v. Riley, 46 Misc.2d 221, 258 N.Y.S.

2d 932. See also State v. Terrell, 175 La. 758, 144 So. 488. Hence, this Court has repeatedly refused discovery of oral confessions as they are not tangible evidence in the hands of the State susceptible of oyer and delivery to the accused for inspection.

However, we are not concerned here with an oral confession dependent on parol proof for establishment, but an electronic video-tape recorded confession which, when the proper foundation is laid, is receivable in evidence like a written confession. The chief characteristic of this confession is that it establishes, when properly identified, the recorded voice of the confessor as he gave his statement, and the judge and jury are able to observe his appearance and demeanor while he answers the questions propounded by his interrogators. In this respect, as well as in other particulars, it constitutes a better record of the giving of the confession than an accused's written statement of his commission of the crime.

■ This Court, in line with the holdings of other courts,[1] has sanctioned the reception in evidence of wire recordings of confessions when the proper foundation

has been laid. State v. Alleman, 218 La. 821, 51 So.2d 83; State v. Chinn, 229 La. 984, 87 So.2d 315; and State v. Cloud, 246 La. 658, 166 So.2d 263.

Indeed, in the Alleman case the question now before us as to an accused's right to pre-trial inspection of such a confession appears to have been answered, at least by implication, in the affirmative. It was there contended by defense counsel that the introduction of the wire recording of the confession came as a surprise, but the Court rejected this argument by referring to the judge's per curiam in which it was stated *that the district attorney had written* defense counsel a letter in which he advised that, in addition to the other confessions given by the accused, there was a wire recording and that it would be played for counsel if he so desired. However, no request was ever made. In concluding there was no merit in defense counsel's claim of surprise, we observed:

"Counsel for the defendant in a criminal case is entitled to a pre-trial inspection of a confession made by his client. See State v. Dorsey, 207 La. 928, 22 So. 2d 273. If such inspection is denied him by the State, he then can apply to the court for, and obtain, an order per-

---

1. See Annotation "Sound Recordings in Evidence", 58 A.L.R.2d 1024–1052, particularly § 13 under the sub-heading "Confessions", and cases there cited to the effect that a recorded confession is of more value to the court than one in writing, especially where an issue has been raised as to whether it was voluntary. And see also Federal Rules of Criminal Procedure Rule 16(a), as amended in 1966, which authorizes pre-trial inspection of all written and recorded statements or confessions made by the accused.

mitting such pre-trial inspection. Counsel for defendant cannot, however, remain silent and then plead surprise in the event the State offers in evidence such a confession at the trial."

It is evident from the above quoted language that the Court considered the wire-recorded confession to be in the same category as a written confession and, therefore, subject to pre-trial inspection.

█ As above stated, we deem the video-tape recording in this case of even greater accuracy than a written confession. It is reliable, tangible evidence, and the best extra-judicial record of the accused's statement which can possibly be secured. The judge was correct in granting a pre-trial inspection by defense counsel.

For the reasons assigned, the ruling of the trial court is affirmed.