221 So.2d 473

**STATE of Louisiana**

**v.**

**Edward Francis CROOK.**

No. 49415.

March 31, 1969.

Rehearing Denied May 5, 1969.

George E. Mouledoux, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Gar-

rison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The Orleans Parish Grand Jury indicted Edward Francis Crook for aggravated rape, as defined by LSA–R.S. 14:42. The defendant pleaded not guilty and not guilty by reason of insanity. After trial, the jury returned a verdict of guilty as charged. The trial judge then sentenced the defendant to death by electrocution. The defendant appealed, relying upon eight bills of exceptions reserved in the trial court.

On the night of October 3, 1967, an 18-year-old girl was returning home from her employment in a New Orleans department store. As she walked from the bus stop, a white man in his mid-thirties pointed what appeared to be a gun at her, took her money, and forced her into his car. He then drove to a deserted location and brutally raped her. On the following night, the police apprehended Edward Francis Crook for the crime.

BILLS OF EXCEPTIONS NOS. 1 and 2

The defendant filed a motion for a bill of particulars and a prayer for oyer seeking "a pre-trial inspection and discovery" of the exact date, time, and place of the rape, the specific paragraphs of LSA–R.S. 14:42 under which he was to be tried, written confessions, oral confessions or statements, a detailed list of all evidence to be used at the trial, a list of all witnesses, a transcript of the Grand Jury proceedings, certain information concerning the arrest, laboratory reports, photographs of the scene, and all demonstrative or tangible evidence to be used at the trial.

The State answered the bill of particulars and prayer for oyer. It specified the exact date, time, and place of the offense, advised the prosecution was under paragraphs (1) and (2) of LSA–R.S. 14:42, and it had no written confessions or statements of the defendant. The State declined to furnish the other items requested, and the trial judge sustained the State's position. The defendant then reserved Bills of Exceptions Nos. 1 and 2.

▅ The State's answer was adequate to assure the defendant a full understanding of the charge and of the law under which he was being prosecuted.

▅ The defendant is entitled to the production of written or video-taped confessions. State v. Hall, 253 La. 425, 218 So. 2d 320; State v. Dorsey, 207 La. 928, 22 So.2d 273. In the present case, however, the State had no such confession.

▅ The defendant had no right to require the production of other items of evidence. We have often held that a defendant in a criminal prosecution has no right of full pre-trial discovery. State v. Hunter,

250 La. 295, 195 So.2d 273; State v. Pailet, 246 La. 483, 165 So.2d 294.

In State v. Hunter, supra, we stated:

"Louisiana was in the vanguard of the states in granting a defendant the right to inspect his written confession before trial. See State v. Dorsey, supra; State v. Tune, 13 N.J. 203, 98 A.2d 881; and 74 Harv.L.Rev. 940, 1054. However, we have steadfastly refused to broaden this holding into full pre-trial discovery of the varied items of evidence in criminal cases. See State v. Johnson, 249 La. 950, 192 So.2d 135 (oral confession and statements of witnesses); State v. Dickson, 248 La. 500, 180 So.2d 403 (police motion picture of defendant in criminal act); State v. Pailet, 246 La. 483, 165 So.2d 294 (wire-tap recordings); State v. Bickham, 239 La. 1094, 121 So.2d 207 (defendant's oral statements); State v. Lea, 228 La. 724, 84 So.2d 169 (oral confession); State v. Shourds, 224 La. 955, 71 So.2d 340 (documents); State v. Simpson, 216 La. 212, 43 So.2d 585 (evidence produced at grand jury hearing); State v. Vallery, 214 La. 495, 38 So.2d 148 (statement of prosecuting witness); and State v. Mattio, 212 La. 284, 31 So.2d 801 (police report). * * *

"The holding of the Court has been dictated by vital considerations related to fair balance in criminal procedure and the protection of the public against the ravages of crime."

The ruling of the trial judge is correct.

## BILL OF EXCEPTIONS NO. 3

After the trial judge had ruled upon the motion for a bill of particulars and prayer for oyer, the defendant filed a motion to quash the indictment, primarily on two grounds: (1) that the trial court's denial of his motions to secure the enumerated items of the State's evidence prevented him from adequately preparing his defense and deprived him of the effective representation of counsel, in violation of the Fourth, Fifth, and Sixth Amendments of the United States Constitution; and (2) that the death penalty for aggravated rape under LSA–R.S. 14:42 is cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

The State, as we have observed, furnished the defendant all the information required by law. This information was adequate to prepare the defense and to satisfy all constitutional requirements.

The motion to quash also attacks the constitutionality of the death sentence for aggravated rape. In this State, the mode of administering the death penalty is electrocution.

About twenty states authorize a death sentence for rape. See Rudolph v. Ala-

bama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed. 2d 119 (Footnote 1). The Louisiana Legislature has authorized the death penalty for aggravated rape. LSA–R.S. 14:42. The jury, however, may return a qualified verdict, and if it does so, the sentence must be life imprisonment. LSA–C.Cr.P. Art. 817.

■ Since the Legislature is vested with the constitutional power to define crimes and fix punishments, this Court is concerned only with the constitutionality of the death penalty for aggravated rape. More specifically, we must determine whether the death penalty for such a crime is proscribed by the Eighth and Fourteenth Amendments of the United States Constitution.

The Eighth Amendment provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

■ Cruel and unusual punishments are those that are barbarous extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.

■ Electrocution is a common method of administering the death penalty. Introduced as an improvement over the older and less humane methods of execution, such as hanging, its constitutionality has been consistently upheld. In re Kemmler, 136 U.S. 436, 10 S.Ct. 930, 34 L.Ed. 519; State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422; State v. Burdette, 135 W.Va. 312, 63 S.E.2d 69.

Aggravated rape is a grave offense. The authorization of capital punishment for rape, as we have observed, is not unusual in the United States. Such punishment is neither bizarre nor extraordinary. Nor do we appraise it as grossly disproportionate to the crime. As late as 1963, in denying certiorari, the Supreme Court of the United States declined to consider whether the Eighth and Fourteenth Amendments prohibited the imposition of the death sentence on a convicted rapist who had neither taken nor endangered life. See Rudolph v. Alabama, supra. Recently, in State ex rel. Barksdale v. Dees, 252 La. 434, 211 So.2d 318, we held the death penalty was not a cruel and unusual punishment for aggravated rape. We note, moreover, the high degree of brutality in the present case. The defendant injured his victim so severely as to necessitate her hospitalization.

We conclude the Bill of Exceptions is without merit.

## BILL OF EXCEPTIONS NO. 4

■ The defendant reserved Bill of Exceptions No. 4 when his objection to the district attorney's question was overruled during the voir dire examination of certain

prospective jurors. The question and objection are set forth in the Bill of Exceptions as follows:

"BY MR. MURRAY: At this time I think it's proper to ask if any of you gentlemen have any conscientious objections or scruples against the infliction of capital punishment, if the facts of the case warrant it?

"BY MR. KOCH: If your Honor please, I object to the question Mr. Murray has posed to the jury. Even though I know the law is against me, I think someday it might be overruled. It tends to let the State select a blue ribbbon panel. I don't think that question should be asked. The State and defense should never be able to ask that question. I make my motion for mistrial based on the question he asked.

"BY THE COURT: The objection is overruled and the motion for mistrial is denied.

"BY MR. KOCH: To which ruling of the Court I respectfully reserve a bill of exceptions, making part thereof the pertinent article allowing the District Attorney to ask that question, the question asked by the district attorney,

my objection and the ruling of the Court."

Defendant relies on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776, decided by the United States Supreme Court after the present trial. There, the Court held it was improper to exclude for cause prospective jurors who voiced only general objections, or scruples, against the death penalty. We find nothing in the decision that would render improper the District Attorney's question concerning the juror's objections to capital punishment. Rather, the thrust of the decision is toward requiring a more careful examination of the prospective juror's attitude toward capital punishment. The Court stated:

"The issue before us is a narrow one. It does not involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt. Nor does it involve the State's assertion of a right to exclude from the jury in a capital case those who say that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them."

Hence, the question posed by the District Attorney is proper.[1]

---

1. The bill of exceptions fails to raise the propriety of the subsequent exclusion of several jurors for cause under the test announced in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.

BILL OF EXCEPTIONS NOS. 5 and 6

Defendant reserved Bill of Exceptions No. 5 to the overruling of his objection to the District Attorney's assertion in his opening statement to the jury that in order to prove system, intent, and guilty knowledge on defendant's part, he would introduce evidence to show that defendant Crook raped another young woman, identified by name, under similar circumstances. Bill of Exceptions No. 6 was reserved when the evidence of the other rape was actually introduced.

 These bills were submitted without argument. We find no merit in them. In sexual offenses, such as rape, evidence of similar recent acts of the defendant is admissible for corroboration and to show the intent and licentious disposition of defendant. LSA–R.S. 15:445, 15:446; State v. Cupit, 189 La. 509, 179 So. 837; State v. McCollough, 149 La. 1061, 90 So. 404.

The offense shown was committed five days earlier than the one charged under similar circumstances. Hence, it is closely related by time and method to the present offense.

BILL OF EXCEPTIONS NO. 7

 Defendant reserved this Bill of Exceptions when the trial judge excluded from evidence two reports from mental hospitals in other states and defendant's Bureau of Identification Record. Defend-

ant submitted the Bill of Exceptions without argument.

We find no merit in it. The trial judge correctly excluded the documents. They were offered without verification. Without a proper foundation, the documents are inadmissible. See State v. Danna, 170 La. 755, 129 So. 154.

BILL OF EXCEPTIONS NO. 8

Defendant reserved Bill of Exceptions No. 8 to the overruling of a motion for a new trial and a motion in arrest of judgment. The motions reurge the matters considered in previous bills of exceptions and allege that the verdict is contrary to the law and the evidence.

This bill, submitted wtihout argument, presents nothing further for review.

For the reasons assigned, the conviction and sentence are affirmed.

BARHAM, Justice (dissenting).

The defendant was charged with the aggravated rape of a young woman in New Orleans on October 3, 1967. The district attorney in his opening statement said that he intended to offer evidence to prove that the accused, three or four days before this rape charged, had raped another young woman under similar circumstances in another section of the city. After the court overruled the defendant's objection, to which Bill of Exception No. 5 was re-

served, the district attorney described the proof which he would offer. The State later called the young woman who had been raped several days before the offense for which the defendant was on trial. This witness described in detail the occurrence, a forcible rape, and identified the defendant as the offender. The defendant objected to this testimony and reserved Bill of Exception No. 6.

The majority has found no merit in these bills of exception reserved in connection with the proof of a separate offense on an earlier date committed upon another person, stating: " * * * In sexual offenses, such as rape, evidence of similar recent acts of the defendant is admissible for *corroboration* and to show *the intent* and *licentious disposition* of defendant. * * * " (Emphasis here and elsewhere has been supplied.) In support of this conclusion the majority has cited State v. Cupit, 189 La. 509, 179 So. 837, and State v. McCollough, 149 La. 1061, 90 So. 404.

In the Cupit case the defendant was charged with assault with *intent* to commit rape of a 14-year-old girl. The trial court not only allowed the prosecutrix to testify what she had been told by a sister in regard to the defendant's raping the sister many years before, but permitted the sister to testify to that rape, committed upon her by the defendant eight years previously. While I believe that opinion to be unsound, if in fact it were correct it is readily dis-

tinguishable for there the defendant was charged with a crime requiring *specific intent*. (See R.S. 15:445, quoted infra.)

The other case relied on, State v. McCollough, is also unsound but distinguishable from the case at hand. There, where the defendant was charged with carnal knowledge, the court erroneously stated that proof of prior offenses was admissible for the purpose of establishing intent and motive, which were not required of that crime. The distinction is that the prior offenses were other sexual acts with the same girl, the young prosecutrix.

R.S. 15:444 provides: "If a statute has made it a crime to do a particular act, no further proof of intent is required than that accused voluntarily did the act * * *." R.S. 15:445 states: "In order to show *intent*, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though *intent* is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the *transaction*." R.S. 15:446 says: "*When knowledge or intent forms an essential part of the inquiry*, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such *knowledge* or *intent* and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses *for the purpose of* showing guilty *knowledge* and *intent*, but not to

prove the offense charged." This is the statutory law relevant to the issue before the court.

The defendant in the instant case is charged with aggravated rape. Rape is the act of sexual intercourse with a female (other than the wife of the offender) committed without her lawful consent. R.S. 14:41. Aggravated rape is committed when the sexual intercourse is deemed to be without lawful consent because the female resisted to the utmost or is prevented from resisting by threats of immediate great bodily harm. R.S. 14:42. *Intent* and *knowledge* form no part of the crime with which this accused is charged, and therefore the crime falls within R.S. 15:444.

Under our statutes, evidence of extraneous crimes is to be admitted only to show *intent* and *knowledge,* and such evidence must then bear directly and materially upon the issue of guilt or innocence of the defendant for the crime with which he is charged. Obviously our statutory law does not authorize the proof of another crime for the purpose of "corroboration", or of a prior aggravated rape of another person to show the "licentious disposition of defendant".

Cases which reflect the general theory of our court in regard to the admissibility of evidence of offenses other than the one charged are State v. Rives, 193 La. 186, 190

So. 374; State v. Brown, 185 La. 1023, 171 So. 433; State v. Bates, 46 La.Ann. 849, 15 So. 204; State v. Johnson, 38 La.Ann. 686. It is the generally accepted rule not only in Louisiana [1] but in other jurisdictions that proof of other offenses is not admissible in the trial of a defendant. 1 Wharton's Criminal Evidence § 232 (12th ed. 1955); 2 Marr's Criminal Jurisprudence § 568 (2nd ed. 1923). In 22A C.J.S. Criminal Law § 683 it is stated at p. 743: "Notwithstanding the existence of these numerous exceptions, *the general rule precluding admission of evidence of other offenses should be strictly enforced,* in all cases where applicable, because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such a departure. So, these exceptions should be carefully limited, and their number and scope not increased, and, if it is doubtful whether evidence of other offenses falls within any of the exceptions to the rule, it should be excluded." It is further observed in 22A C.J.S. Criminal Law § 691(37) (d) at p. 891: "In general, evidence, at least where it does not fall within one of the recognized exceptions, is not admissible of similar or other sexual offenses committed by accused on persons other than the prosecutrix, as, for example, other rapes or

1. For a recent case in which the general rule is recognized, see State v. Gerald, 250 La. 759, 199 So.2d 536.

statutory rapes, assaults or attempts, or indecent liberties. * * *"

We said in State v. Rives, supra, quoting from Rice on Evidence and Wharton on Criminal Evidence:

"* * * 'It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another.' * * 'The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of another and extraneous crime is calculated to take the defendant by surprise, and to do him manifest injustice by creating a prejudice against his general character. * * * It would lead to convictions, upon the particular charge made, by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one.'

"* * *

"* *. * 'A man cannot be convicted of crime because he is a bad man generally or has committed other crimes for which he has not been punished.' "

It is readily apparent that the general principle must be strictly adhered to and the exceptions carefully scrutinized. The general policy which supports this strict interpretation is that a man is entitled to notice of the charge he is expected to face, that proof of other offenses is misleading and prejudicial and may even be inflammatory in the jury's mind. The majority has conceded the prejudicial effect of the introduction of evidence of the prior offense by stating that it would "corroborate" and show the "licentious disposition of defendant". The "licentious disposition" of this accused cannot be placed before the jury except as an attack upon his good character when it is placed at issue by him, and since this evidence was introduced by the State in chief, the defendant's character was not at issue. The law does not allow proof of prior or subsequent offenses or even of convictions to be introduced in evidence for the purpose of "corroborating" the proof of the guilt of the defendant of the offense of which he stands accused.

Neither *intent* nor *knowledge* is an element of the crime with which the defendant was charged. The evidence of the prior rape had no connection with the offense charged. The only purpose which could have been served in this case by the evidence was to predispose the jury to convict for the offense charged or inflame the jury to return a harsh verdict. It had no bearing upon the guilt or innocence of the defendant of this offense. The presentation of this evidence had the effect of trying the defendant for another charge without notice or indictment and without

opportunity to secure witnesses and prepare a defense. It was prejudicial.

We have already overextended the exception to the general rule. Some of our jurisprudence has disregarded the explicit, unambiguous language of R.S. 15:444, 15:445, and 15:446. That language excepts evidence of other offenses from the general rule of evidence only when *"knowledge* or *intent* forms an essential part of the inquiry"*. I submit that this is the law, the correct law, the rational law. The majority holding will stretch the already overextended jurisprudential exception.

I respectfully dissent.