SANDERS, Justice.
This is a criminal prosecution. Shortly before midnight on January 11, 1968, an assailant armed with a knife entered the bedroom of a young New Orleans mother and raped her. The police arrested August Williams for the crime. The Orleans Parish Grand Jury indicted him for aggravated rape, a capital offense. After trial, the jury returned a verdict of guilty, and the trial judge imposed the death sentence. The defendant has appealed, relying upon fifteen bills of exceptions reserved at the trial.
*82 Defendant reserved Bills Nos. 1 through 15 when the trial judge allowed the State to examine the prospective jurors concerning their attitude toward capital punishment and to challenge fourteen of them for cause based upon the information obtained.
Defendant relies upon Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). In that case, the United States Supreme Court held:
[A] sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.”
As defined by the Court, the holding is a narrow one. It does not bar voir dire examination of prospective jurors concerning their attitude toward capital punishment. State v. Crook, 253 La. 961, 221 So.2d 473 (1969). Nor does it bar the State’s challenge of prospective jurors who state “that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them.” The State has good cause to challenge jurors who disclose that they would automatically vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial of the case before them. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).
We have reviewed the voir dire examination of each of the excluded jurors. The State and the trial judge carefully explored the juror’s attitude toward a capital verdict. Interspersed in the examination are such phrases as “under no circumstances,” “irrespective of what the facts show,” and “in no case whatsoever.” When each juror’s testimony is taken as .a whole, as must be done, it is quite clear that he could never vote for a capital verdict regardless of the facts and circumstances developed at the trial.
Defendant relies heavily upon the disclosure by two jurors that, while they could never approve the death penalty in a prosecution for rape, they could do so in a prosecution for murder. Despite this disclosure, the jurors were properly excluded. Under the rule announced in Witherspoon v. Illinois, the test is whether they can consider the imposition of the death penalty in the case before them.
We conclude these bills of exceptions are without merit.
Defendant also urges that the submission to the jury of both guilt and punishment deprives the defendant of due process under the Fifth and Fourteenth Amendments to the United States Constitution.
The Louisiana Legislature has authorized the death penalty for aggravated rape. LSA-R.S. 14:42. If the jury re *84 turns an unqualified verdict of guilty, the death sentence is mandatory. If the jury qualifies its verdict by the addition of the words “without capital punishment,” the sentence must be life imprisonment. LSA-C.Cr.P. Art. 817. The jury receives a written list of responsive verdicts. LSA-C.Cr.P. Art. 809.
We discern no constitutional infirmity in this procedure.
Finally, defendant asserts that the infliction of the death penalty for rape constitutes cruel and unusual punishment, prohibited by the Eighth and Fourteenth Amendments of the United States Constitution.
Under the settled jurisprudence, capital punishment for aggravated rape is neither cruel nor unusual. See State v. Crook, 253 La. 961, 221 So.2d 473 (1969); State ex rel. Barksdale v. Dees, 252 La. 434, 211 So.2d 318 (1968).
In rejecting a similar contention in State v. Crook, supra, we stated :
“Aggravated rape is a grave offense. The authorization of capital punishment for rape, as we have observed, is not unusual in the United States. Such punishment is neither bizarre nor extraordinary. Nor do we appraise it as grossly disproportionate to the crime.”
■ For the reasons assigned, the conviction and sentence are affirmed