BARHAM, Justice
(dissenting).
I disagree with the majority for all the reasons assigned in my dissent in State v. Crook, 253 La. 961, .974, 221. So.2d 473, 477. See also Professor George W. Pugh’s critique, 30 La.L.Rev. 321;
My concern -over that decision is now' replaced with consternation: This court has stated that evidence of a purported act of rape upon another woman two years before the offense here charged is admissible in this prosecution for • rape !
The knowledge, intent, and purpose doctrine, as -defined either in R.S. 15:445 or in common law, never envisioned that an act so remote in time as two years could serve as evidence of the accused’s mental, attitudes in the prosecution for an entirely different charge. The majority holding-under this extreme factual situation (evidence of an offense two years removed and in a prosecution for an offense not - even . requiring intent, knowledge, or purpose) vitiates the protection afforded a defendant 1 from attack upon his character unless he himself has placed his reputation at issue.., R.S. 15:48-l. The decision here without. further extension will allow the State to parade before the jury not only all previous convictions but previous arrests as well qnd even evidence of previous conduct which led neither to arrest nor to conviction. '
This decision may well have substituted for trial of the offense charged a trial of-the defendant’s predisposition and propensity for' committing such an offense based-on his past record of conduct. Under the póssibilities presented by this holding, that sometimes gossamer cloak of innocence with which we clothe a defendant is totally ripped aside, arid a defendant will now bd. enshrouded with the sackcloth of presump-¡ tion of guilt founded on past unsavory con- *67 duct. And since trial is no longer limited to the offense charged but is now open for the presentment of the entire panorama of a defendant’s past life, how will he prepare his defense?
Under the facts of this case as related to this particular charge, the majority holding in my view is erroneous as contrary to our statutory law and even as abridging the defendant’s right to be informed of the nature and cause of the accusation guaranteed by Article 1, Section 10, of the Louisiana Constitution and the Sixth Amendment to the United States Constitution. This holding also infringes upon our common law heritage of the presumption of innocence, a doctrine now so long established and unquestioned as to partake of the qualities of a constitutional guarantee.
I respectfully dissent.