259 So.2d 27

**STATE of Louisiana**

v.

**A. J. MYERS.**

No. 51269.

Feb. 21, 1972.

Rehearing Denied March 27, 1972.

Daniel L. Regard, New Iberia, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Leon E. Roy, Jr., Oswals A. Decuir, Asst. Dist. Attys., for plaintiff-appellee.

TATE, Justice.

The defendant Myers was convicted of aggravated rape, La.R.S. 14:42, and sentenced to death. The single bill of exceptions perfected by him asserts that, as sought to be inflicted here, the death penalty is cruel and unusual punishment. Louisiana Constitution, Art. 1, Section 12 (1921); U. S. Constitution, Eighth and Fourteenth Amendments.

This contention occurs in the context of the following circumstances, as shown by the record, attached to and made part of the bill of exceptions:

Six young black men forced open a parked automobile in which the 15-year old white victim and her boyfriend were parked. They dragged out the boyfriend, and five of these young assailants raped the girl.

Under the testimony, the defendant Myers, 23 years of age, was guilty of a single rape. The six assailants had driven to the scene in his car. Another of the assailants (Thibodeaux) hit the girl, raped her twice, and forced her to commit an unnatural sex act. Yet another assailant (White) also slapped the girl. The record

indicates that the defendant's criminal conduct was not so brutal.

The six assailants were indicted. At their request, their trials were severed. At Thibodeaux's trial, the jury found him guilty, but it qualified the verdict to be without capital punishment, as authorized by law. La.C.Cr.P.Arts. 814, 817. He therefore was sentenced to life imprisonment. The other three older defendants pleaded guilty without capital punishment, as authorized by law, La.C.Cr.P.Arts. 557, 558, and they likewise received life sentences.[1]

The defendant, however, was found guilty of aggravated rape by the trial jury and his jury did not qualify its verdict of guilty to be without capital punishment. The defendant was therefore sentenced to death, the penalty for committing the crime of aggravated rape, La.R.S. 14:42.

The defendant thus urges that the death penalty for him alone of the five participants constitutes cruel and unusual punishment, where all of the other participants received life sentences, where his conduct was less brutal than that of some of his co-participants, and where the victim had not been put in fear of life nor sustained serious bodily or psychological injury. He relies on Ralph v. Warden, Maryland Peni-

tentiary, 438 F.2d 786, (U.S.C.A. 4th; 1970), appeal pending.

This court has consistently rejected contentions that the death penalty for aggravated rape constitutes cruel and unusual punishment where the victim's life was neither taken nor endangered. State v. Williams, 255 La. 79, 229 So.2d 706 (1969); State ex rel. Barksdale v. Dees, 252 La. 434, 211 So.2d 318 (1968). See also State v. Crook, 253 La. 961, 221 So.2d 473. In the cited State v. Williams, we likewise rejected the contention that the petitioner was deprived of any constitutional right by the submission to the trial jury of both guilt and punishment.

Complaint is also made that the defendant's trial jury imposed the death penalty on him, whereas the trial jury for the same crime did not, in the case of the far more brutal Thibodeaux.

Nevertheless, we cannot say "that committing to the untrammelled discretion of the jury the power to pronounce life or death in capital cases is offensive to anything in the Constitution." McGautha v. California, 402 U.S. 183, 207, 91 S.Ct. 1454, 1467, 28 L.Ed.2d 711 (1971).

It is likewise true that each of the three other co-assailants pleaded guilty and

---

1. These four defendants were aged from 18 to 21. The defendant Myers was 23 years old. The sixth defendant, a juvenile who did not physically commit the crime, was sentenced to a juvenile correctional institute.

received a life sentence, at least partly motivated by the desire to escape the possibility of receiving the death penalty. Nevertheless, this circumstance does not vitiate their pleas of guilty. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). Neither does it vitiate the decision of the present defendant to plead instead "not guilty" and to try his case before the jury—with the possibility that the jury would accept the strong evidence against him and find him guilty, and likewise with the possibility that, in such event, the jury would not choose to exercise its discretion to qualify its verdict as guilty without capital punishment.

The defendant was represented at the trial by retained counsel who had reserved numerous bills of exceptions. After sentencing, the trial court permitted the retained counsel to withdraw on the grounds of illness, and it appointed counsel to perfect the appeal. The appeal counsel found that the bills reserved presented no substantial issue for review, so he limited his argument to the single bill of exceptions perfected and above considered. While the other bills of exceptions reserved cannot be considered since not perfected, our examination of the record convinces us that the trial was fairly conducted and that only one of the twenty-nine bills reserved prior to sentence presents even arguable merit (and, as to that one, the trial court's overruling an objection to an isolated remark in argument of counsel would not constitute reversible error).

For the foregoing reasons, we affirm the conviction and sentence.

Affirmed.