PER CURIAM.
 

 The defendant, K. C. Hall, appeals his jury conviction of armed robbery. La.R.S.
 
 *780
 
 14:64. The defendant was sentenced to serve fifteen (IS) years in Louisiana State Penitentiary. On this appeal, the defendant relies on four bills of exceptions reserved and perfected during' his trial.
 

 The first two bills of exceptions attack the line-up identification. The first alleges the defendant’s constitutional right of due process was violated by the line-up procedures employed in the identification process. The defendant contends he was prejudiced because his skin color was a darker shade than the other five black males present in the line-up. We find this contention lacks merit.
 

 The law enforcement officer who conducted the line-up testified that he selected five black males from the prison of the same basic height and general build as the defendant. Counsel for the defense was present during the line-up identification, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and although counsel questioned the deputy conducting the line-up as to the availability of other black males similar or darker in shade of skin as the defendant, counsel did not object to the proceedings at that time, or suggest it should not be conducted. We find that under all the circumstances the line-up was not so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Further, the evidence strongly proves that the victim identified the accused independently of the line-up, on the basis of detailed and prolonged observation at the time of the robbery.
 

 In his second bill, the defendant objects to the introduction of two photographs of the line-up group and the yellow piece of paper upon which the victim haa identified the defendant at the line-up procedure. The defendant maintains the picture did not show that he was darker-skinned than the others in the photograph. We find this contention also lacks merit, as the photographs were clearly relevant as a predicate to show the fairness of the line-up procedure and were therefore properly admitted. La.R.S. 15:441 et seq. The yellow slip of paper was also relevant as it indicated the identification made by the victim at the line-up procedure. In his per curiam to the second bill, the trial court stated that he observed different shadings in the colorings of the members of the line-up, but that the differences were subtle and natural, and he did not feel they were sufficiently prejudicial to render the evidence of the line-up inadmissible.
 

 For these reasons, we find this second bill of exceptions lacks merit.
 

 The defendant’s third bill of exceptions maintains the trial court erred when it
 
 *782
 
 refused to grant a directed verdict. La.C. Cr.P. art. 778. This bill is without merit as La.C.Cr.P. art. 778 has been held unconstitutional as a usurpation of t'he jury’s prerogative in criminal jury trials. State v. Hudson, 253 La, 992, 221 So.2d 484 (1969).
 

 The fourth and final bill of exceptions alleges it was error for the trial court to admit into evidence state exhibits S-3 through S-8, “mug-shots” of the defendant and several others which were shown to the victim at the time he first identified the defendant. The defendant argues these “mug-shots” revealed prejudicial information as to his prior conflicts with the law. The trial judge, out of the presence of the jury, ordered that the numbers on the front and back of the pictures be covered prior to their being offered into evidence. At the time they were offered to the jury, that information had been concealed from the jurors’ view. No reference was made directly or indirectly to a prior offense committed by the defendant.
 

 These photographs were relevant as a predicate to show the fairness of the identification process. La.R.S. 15:441, et seq. The trial judge did not abuse his discretion by admitting the photographs into evidence. We find this final bill lacks merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.