269 So.2d 812

**STATE of Louisiana**

v.

**Shelton RANKER.**

No. 52488.

Nov. 28, 1972.

Allen C. Hope, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

Defendant, Shelton Ranker, appeals his conviction and fifteen year sentence for armed robbery of a newspaper carrier in the amount of twenty dollars. La.R.S. 14:-64. Defendant perfected seven bills of exceptions. However, defense counsel expressly waives Bills of Exceptions Nos. 2 and 3, and submits Bills Nos. 1, 5, 6 and 7 without briefing or argument.

■ Bill of Exceptions No. 1 is based on the trial court's denial of a motion to suppress the identification of the defendant. It was brought out at the trial that

the defendant was positively identified by four newscarriers, all victims of alleged offenses of armed robbery, after separate and isolated views of Ranker in the lineup. Mr. Jones, defendant's attorney at the lineup testified that he was satisfied the lineup was a legal one. We do not find any violation of the defendant's constitutional or legal rights in this regard. This bill has no merit.

■■ Bill of Exceptions No. 4 was taken to the trial court's refusal to order the State to furnish the defendant with both a complete copy of the District Attorney's file and any supplemental information or evidence of an inculpatory or exculpatory nature being held by the New Orleans police department. At the outset, defense counsel concedes in his brief that the State was not obligated to furnish him with a copy of the district attorney's file. State v. Hunter, 250 La. 295, 195 So.2d 273 (1967). Neither must the State furnish the defense with information or evidence of an inculpatory nature. However, counsel contends it has a right to be supplied with information or evidence held by the law enforcement authorities which is exculpatory in nature. Specifically, defense counsel argues that the conviction should be reversed with instructions to the trial court to hold an *in camera* examination of the District Attorney's file to make a determination of whether there was any exculpatory evidence which should have been

turned over to the defense as material to either guilt or innocence. He argues that to have allowed the District Attorney to make a determination, on his own as to what was exculpatory resulted in an unconstitutional delegation of judicial authority to the State. In actuality, these arguments greatly expanded the original bill of exceptions No. 4 taken by the defendant and are not properly before us. Essentially, Bill No. 4 was taken to the trial court's denial of defendant's motion, "by Bill of Particulars, for a complete copy of the District Attorney's file as well as any supplemental information or evidence held by the police."

We are in accord with the trial court's per curiam, which, in part, cites La.C.Cr.P. art. 484, and the redactor's notes, Comment (a):

"The defendant is entitled to know what the state intends to prove; but the bill of particulars cannot be employed in a fishing expedition for a recital of the details of the state's evidence, nor used as a device to harass the state by demands for nonessential details."

We find the trial court properly denied the motion for bill of particulars. This bill has no merit. See also State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).

Bills of Exceptions 5 and 6 are submitted on the record and are obviously without merit, for the reasons noted by the trial court's per curiams.

 Defendant's final bill of exceptions No. 7 is based upon the trial court's denial of a motion for a new trial, based on the grounds that the verdict is contrary to the law and evidence. It has been said innumerable times that a motion for a new trial based simply on the ground that the verdict is contrary to law and evidence presents nothing for us to review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971). It is only when there is no evidence at all of an essential element of the crime charged that this Court may set aside the conviction on appeal. When there is some evidence to sustain the conviction, this Court on appeal cannot pass upon the sufficiency thereof. This bill lacks merit.

For these reasons, the conviction and sentence are affirmed.