284 So.2d 577 (1973)
STATE of Louisiana
v.
Jerome Ike JEFFERSON and Arthur Taylor Clark.
No. 53642.
Supreme Court of Louisiana.
October 29, 1973.
*578 Anthony R. Messina, Orleans Indigent Defender Program, Metairie, for defendants-appellants.
William J. Guste, Jr., Atty., Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendants were found guilty of armed robbery, in violation of R.S. 14:64. Clark was sentenced to thirty years at hard labor, and Jefferson was sentenced to forty-five years at hard labor. They have appealed, relying upon five bills of exceptions.
Bills of Exceptions Nos. 1 and 2
Bills of Exceptions Nos. 1 and 2 were reserved when Exhibits S-1 through S-16, sixteen photographs, were admitted as evidence. The sixteen photographs were used for the purpose of obtaining identification of the two defendants. Two of the photographs were of the two defendants. When the objections were made, the defense contended, "No ground work has been laid in evidence." In the perfected bills, defendants alleged the photographs were not properly identified. The trial court's per curiam states, and is supported by the record, that abundant testimony established the foundation for the use of the photographs as physical evidence and abundant testimony properly identified the photographs.
*579 Bills of Exceptions Nos. 3 and 4
Defendants contend in Bill of Exceptions No. 3 that the trial court erred in admitting into evidence a statement which was signed by the victim after identifying the defendants in a line-up. Bill of Exceptions No. 4 is levelled at permitting a slide picture of the line-up to be offered in evidence. The statement signed by the victim was offered after testimony was elicited as to the manner in which the line-up was conducted, as to the formalities which were observed, and as to the identification of the two defendants from that line-up. The victim then signed a statement setting forth the facts and circumstances of that line-up. The victim's signature and the contents of the statement were identified by him. More than sufficient foundation was laid for admission of the statement in evidence.
The slide picture of the line-up was used to establish the fairness of the line-up. The trial court's per curiam states that the State had made an affirmative showing that the identification procedures used did not contain any suggestive procedures which would have tainted the identification. He found that the procedure followed satisfied the requirement of Simmons et al. v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1966). Here, the testimony evidenced that defendants chose their place in a line-up of a group of people who were all dressed in blue uniforms, as were the defendants, that there was no undue suggestiveness by the nature of the characteristics of those who were in the line-up, that the victim attended the line-up by himself after it was set up, and that he independently chose the defendants from the line-up. The slide was identified as an exact depiction of the scene at the line-up. See State v. Hall, 261 La. 777, 260 So.2d 913 (1972), and State v. Pierre, 261 La. 42, 259 So.2d 6 (1972). Defendants argue in brief that the line-up was tainted because the State failed to establish that the defendants had been informed of their Sixth Amendment right to counsel at the line-up proceeding, citing United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The identification here was pre-indictment and is controlled by Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).
There is no merit in Bills of Exceptions Nos. 3 and 4.
Bill of Exceptions No. 5
Defendants filed a motion for new trial, simply urging that the verdict was contrary to the law and evidence and that the bills of exceptions reserved during the proceedings showed prejudicial error. Defendants specified no error of law in regard to the first assignment and we have already reviewed the bills of exceptions.
Bill of Exceptions No. 5, which was reserved to the overruling of the motion for new trial, is without merit.
For the reasons assigned, the convictions and sentences are affirmed.