CALOGERO, Justice.
Defendant was charged by bill of information with violation of La.R.S. 14:64, armed robbery. After a jury trial, defendant was found guilty as charged and sentenced to fifteen (IS) years at hard labor *887 in the custody of the Director of the Department of Corrections.
On May 25, 1972, defendant and an unknown accomplice allegedly robbed, while armed with a dangerous weapon, one David Chissell, Chairman of Percentage of Local 1419 International Longshoreman’s Association, at the union’s hall on South Claiborne Avenue in the City of New Orleans. Testimony adduced at the trial established that the defendant, with a sawed-off shotgun, appeared at the window of the office in which Mr. Chissell and two secretaries were working and demanded all the money in the drawer. Defendant and his accomplice were given three hundred and twenty-five dollars and thirty cents ($325.30). Initially, Mr. Chissell was approximately six (6) feet from the window. He moved to a distance of one (1) foot from the defendant while the money from the drawer was being put into a paper bag. Mr. Chissell testified that the entire episode lasted approximately five (5) minutes and that he got a clear and unobstructed view of defendant’s face during perpetration of the robbery.
Shortly after the robbery, Chissell and his two secretaries each independently identified the defendant from six police photographs exhibited to them by the police for the purpose of attempting to identify the robbers.
A line-up was conducted by the police on June 28, 1972 (approximately a month later). At this line-up Chissell identified someone other than the defendant as the perpetrator of the robbery. The record indicates that after this identification he realized his mistake and changed his identification to that of the defendant. The record does not indicate what time period elapsed before Chissell changed his identification. Chissell did testify that no one told him he had made a mistake. Both of the secretaries identified the 'defendant at that same line-up as the person who committed the armed robbery. All three, Chis-sell and the two secretaries, positively identified the defendant at the trial as one of the persons who committed the robbery.
Defendant perfected four bills of exceptions.

Bills of Exceptions Nos. 1 and 4

These bills were submitted without brief or argument and are therefore considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972); State v. Minor, 241 La. 339, 129 So.2d 10 (1961).

Bill of Exceptions No. 2

This bill was reserved when the trial court denied the defense counsel’s motion to suppress the in court identification of the defendant by Mr. Chissell. Defense counsel argues in brief that the in court identification was tainted due to the earlier misidentification at the line-up by Mr. Chissell. Defense counsel asserts that due to Mr. Chissell’s initial failure to identify the defendant at the line-up and his subsequent change in identification, that the line-up was or must necessarily have been, suggestive and conducive to misidentification. Further, defense counsel asserts that it was incumbent upon the state to show that Mr. Chissell’s in court identification was based on observations other than at the pre-trial line-up.
/ Defendant relies upon Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), in support of the proposition that the pre-trial line-up identification should have been suppressed. In those cases, line-ups were conducted by the police in which the identity of the defendant was suggested from the circumstances attending the conducting of the line-up. In the case at hand, the court held a pre-trial hearing on the motion and found from the evidence adduced that the method of conducting the line-up and the surrounding circumstances were not suggestive, nor conducive to misidentification.
*888 Mr. ChisselPs initial incorrect identification at the line-up is a matter which addresses itself to the weight of his testimony rather than to its admissibility.’ On cross-examination by defense counsel, Mr. Chissell was rigorously questioned about his prior failure to correctly identify the defendant at the line-up. He testified that the misidentification was due to his being at too great a distance from the defendant at the line-up. Mr. Chissell’s failure to immediately identify the defendant did not violate the defendant’s rights. The record does not show that the police attempted in any way to influence his judgment. To the contrary, the misidentification indicates an absence of prejudicial conduct on the part of those conducting or participating in the line-up. The totality of the circumstances indicate that there was no violation of defendant’s constitutional or legal rights. State v. Ranker, 263 La. 914, 269 So.2d 812 (1972); State v. Hall, 261 La. 777, 260 So.2d 913 (1972); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971). Absent a showing that the line-up was in fact conducted in a suggestive or conducive manner, we must find this bill of exceptions to be without merit.

Bill of Exceptions No. 3

Defense counsel reserved this bill when the trial court sustained an objection by the state to defense counsel’s asking Mr. Chissell whether anyone in the court room resembled a particular juror.
Defense counsel in brief asserts in essence that his reason for asking this unusual and apparently irrelevant question was to try to exhibit to and test before the jury the witness’ capabilities (or lack thereof) in the realm of observing appearances and/or physical characteristics of people, or his powers of observation.
While we are not prepared to say that the question, or this kind of inquiry, or perhaps this kind of attempt, by defense counsel is irrelevant or impermissible, we do feel that in this case if there was any mistake in the ruling, the result was inconsequential. The trial judge permitted a wide range of cross examination concerning not only the witness’ general facility in identifying people, but also his in court, photographic and line-up identifications of the defendant.[1]
For the reasons assigned, the conviction and sentence are affirmed.
SANDERS, C. J., concurs in the result.

. In fairness to the trial judge it is not entirely clear from defense counsel’s question and his argument and reasons, upon reserving his bill, precisely what he sought to accomplish by the question.