304 So.2d 313 (1974)
STATE of Louisiana
v.
Daniel BRESTON.
No. 55182.
Supreme Court of Louisiana.
December 2, 1974.
*314 Patrick J. Fanning, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Daniel Breston was charged by Bill of Information with the attempted murder of Anderson Carter. However, the charge was later reduced to aggravated battery. Breston was tried for aggravated battery, found guilty, and sentenced to serve ten years at hard labor in the custody of the Louisiana Department of Corrections.
The defendant relies upon eleven bills of exceptions in appealing his conviction to this Court.
The first eight bills of exceptions are similar in nature insofar as they pertain to the court's overruling of defendant's objections to the State's answers to various questions posed in the Bill of Particulars and the Prayer for Oyer.
Bill of Exceptions No. 1
The defendant reserved the first bill of exceptions at a hearing on the Bill of Particulars when the court sustained the State's refusal to give the age of the victim. A defendant has a constitutional right to be informed of the nature and *315 cause of the charge against him, and should be given such information as is necessary to prepare his defense. State v. Richardson, 220 La. 338, 56 So.2d 568 (1951).
The age of the victim, however, is not essential to the preparation of Breston's defense. This Court in State v. Rose, La., 271 So.2d 863 (1973) made it clear that the Bill of Particulars was not to be used as a device to harass the State by demands for nonessentials. In absence of a clear showing that the trial judge abused his discretion to the prejudice of the accused, a ruling denying a request for information will not be disturbed. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972).
We conclude that the trial judge did not abuse his discretion in denying the information sought.
Bill of Exceptions No. 2
In his Bill of Particulars, the defendant also requested information concerning the identification of the defendant. The defendant specifically asked by whom he had been identified and requested information concerning the circumstances surrounding the identification. The State declined to furnish this information, and the court sustained the State's position. In State v. Frezal, La., 278 So.2d 64 (1973), this Court upheld the denial of this information, holding that the defendant has no right to a pre-trial inspection of the evidence upon which the prosecution relies for its conviction. See also State v. Hunter, 250 La. 295, 195 So.2d 273 (1967), and the authorities therein cited.
This bill is, therefore, without merit.
Bill of Exceptions No. 3
Bill of Exceptions No. 3 is based upon the State's refusal to disclose the names of the witnesses it intended to use at trial. In State v. Andrus, 250 La. 765, 199 So.2d 867 (1967), this Court stated:
"We know of no law which provides that the defendant is entitled as a matter of right to the names of the State's witnesses. On the contrary, it is well settled in the jurisprudence that the State is not required to furnish the defendant with a list of its witnesses. . . . . It is equally well settled that the ruling of the trial judge denying an accused data sought in a motion for a bill of particulars will not be disturbed in the absence of a clear showing that the judge abused his discretion to the prejudice of the accused. . ."
In light of the jurisprudence, this bill of exceptions lacks merit.
Bills of Exceptions Nos. 4 and 7
Bill of Exceptions No. 4 refers to the defendant's Bill of Particulars requesting a complete copy of the District Attorney's file and/or any supplemental information or evidence either available to, or being held by the New Orleans Police Department or any other law enforcement agency that could be used on the trial of this matter of an exculpatory nature. Bill of Exceptions No. 7 involves an almost identical request made by the defendant in his Prayer for Oyer. In the hearing on these motions, the District Attorney stated that there were no witnesses who could provide exculpatory statements. The request for any evidence held by the Police Department or any other law enforcement agency was too broad and thus was properly denied. State v. Ranker, 263 La. 914, 269 So.2d 812 (1972).
In our opinion, the denial of the request was proper as the State did not have knowledge of any witnesses who could exculpate the defendant. Moreover, the defendant has made no showing that he was in any manner prejudiced by the ruling of the lower court.
Bills of Exceptions Nos. 4 and 7, therefore, lack merit.
*316 Bill of Exceptions No. 5
The fifth bill of exceptions is based on the defendant's request for physical evidence in his Bill of Particulars. The Bill of Particulars may not serve to compel a disclosure by the State of the details of the evidence it relies upon to sustain the conviction. This Court in State v. Cripps, 259 La. 403, 250 So.2d 382 (1971) reiterated this principle and clarified it by stating that it suffices that the accused be given adequate information to fairly defend himself. More specifically, in State v. Douglas, 256 La. 572, 237 So.2d 382 (1970), the Court noted that it is not procedurally proper to request oyer of the State's evidence in a Motion for a Bill of Particulars. The sole function of a Bill of Particulars is to inform the accused in greater detail of the nature of the crime of which he is charged.
This bill of exceptions is, therefore, without merit.
Bill of Exceptions No. 6
In his Prayer for Oyer, defendant also requested information concerning oral statements, confessions, or admissions of an inculpatory nature made by him. The State maintained that the defendant was not entitled to this information. The trial judge sustained the State's position. The sixth bill of exceptions was reserved to the court's ruling.
In numerous decisions, this Court has uniformly held that a defendant is not entitled to pre-trial information from the State concerning oral statements made by him. State v. Square, 257 La. 743, 244 So.2d 200 (1971); State v. Hall, 253 La. 424, 425, 218 So.2d 320 (1969); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966); State v. Bickham, 239 La. 1094, 121 So.2d 207 (1960); State v. Lea, 228 La. 724, 84 So.2d 169 (1955).
This bill of exceptions is also without merit.
Bill of Exceptions No. 8
The defendant contends that he was entitled to a pretrial inspection of photographs used in his identification. The court denied defendant's request in his Prayer for Oyer and Discovery. Defendant then reserved his eighth bill of exceptions. This Court has upheld the denial of information relating to when, where and under what circumstances the defendant had been identified and by whom he had been identified. State v. Frezal, supra. Viewing photographs used in the identification of the defendant concerns itself with the circumstances involving the identification of the defendant. The defendant is therefore not entitled to the production of the photographs prior to trial. See State v. Frezal, supra.
Moreover, the defendant has not shown that any prejudice resulted. This bill of exceptions, therefore, lacks merit.
Bill of Exceptions No. 9
Defendant reserved Bill of Exceptions No. 9 upon the court's refusal to grant the defendant's Motion for a Directed Verdict on the ground that the State failed to prove the defendant guilty beyond a reasonable doubt.
This Court does not review the sufficiency of the evidence to sustain a conviction. In State v. Douglas, La., 278 So.2d 485 (1973), this Court held that Article 778 of the Louisiana Code of Criminal Procedure authorizing a directed verdict applied only when there is no evidence to prove a crime or an essential element.
Assuming, however, that the motion raises a reviewable issue, we find there is substantial evidence to support the conviction. The victim of the assault, Anderson Carter, testified that during the early morning hours Daniel Breston pulled a pistol out and shot him five times. (R. pp. 94-98). As there is obviously some evidence that the defendant committed the aggravated *317 battery, the trial judge was correct in denying the motion for a directed verdict.
This bill of exceptions is consequently without merit.
Bill of Exceptions No. 10
A motion for new trial forms the basis of the tenth bill of exceptions. The defendant asserts that the verdict is contrary to the law and evidence and that the bills of exceptions reserved during the proceedings show prejudicial error.
We have previously disposed of all bills of exceptions. The motion for a new trial presents nothing further for review. LSA-C.Cr.P. Art. 858.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., concurs and assigns reasons.
BARHAM, J., concurs with reasons.
TATE, Justice (concurring).
The rulings denying pre-trial discovery are technically correct under existing jurisprudence. Nevertheless, the requirements of a fair trial and of federal due process rulings are harbingers of change that conscientious prosecutors might well note.
The trial of a criminal prosecution should not be a game of wits in which "victory" is founded upon lawyer techniques. The aim of a criminal proceeding is a fair trial, including enforcement of constitutional guarantees, so that the jury (which is the arbiter of innocence or guilt) may determine the merits of innocence or guilt on the basis of evidence properly received, after the accused has had adequate opportunity to defend against the state's charges.
I can see little justification for the prosecutor's failure to furnish the defense some of the particulars, such as the age of the victim, or such as particulars concerning the physical evidence. Further, while I do not yet believe it is reversible error to deny oyer of oral statements or confessions, there is no sound reason to deny defendant access to them just as in the case when they are written or taped.
Many if not most of the enlightened prosecutors of this state are affording pre-trial discovery beyond that minimum now required by jurisprudential holdings of our state courts. By so doing, they are not only living up to an obligation to assure an accused a proper opportunity to prepare his defense, but they also avoid courting the reversals that an obstinate policy of non-disclosure inevitably will produce.
I respectfully concur.
BARHAM, Justice (concurring).
We have granted writs in two cases, State v. Jenkins, 302 So.2d 20 (La.1974) and State v. Davis, 300 So.2d 496 (La. 1974), writ dismissed, 309 So.2d 335 (October 29, 1974), which reflect this Court's position that the motion to suppress under La.C.Cr.P. art. 703 includes the right to suppress an oral confession. One way to determine whether or not the State has such an oral confession in its possession is through the bill of particulars. I am of the opinion that it was error to refuse to respond to the interrogatory in regard to whether the State had oral statements or confessions from the defendant. However, nothing in the record indicates reliance by the State on any oral statement or confession and the error was therefore non-prejudicial. I therefore concur.