357 So.2d 1089 (1978)
STATE of Louisiana
v.
Sylvester SANDERS, Jr.
No. 60607.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.[*]
Allen Howard Coon, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, *1090 Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
The Ouachita Parish Grand Jury returned a true bill against appellant Sylvester Sanders, Jr., charging him with the aggravated rape of a nine-year-old girl. La.R.S. 14:42. His trial on May 23-24, 1977 resulted in a verdict of guilty. Upon recommendation of the jury appellant was sentenced to imprisonment for life without benefit of probation, parole or suspension of sentence. Three assignments of error are relied upon for reversal of the conviction and sentence.

Assignment 2
Relying upon the authority of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a motion was filed for production of evidence favorable to the accused. The motion sought production of any statements, information or evidence favorable to the accused and also the criminal records of the State's witnesses in order that defense counsel might test their credibility on cross-examination. The State answered that it had no evidence material to guilt or punishment which was favorable to the accused.
At the hearing held on the motion defense counsel asserted that the motion entitled him to an order of court compelling the District Attorney to furnish the criminal records of the State's witnesses. The District Attorney answered that the criminal records of the State's witnesses were not in his files and the law did not require that he obtain such information for the defense. The motion was denied.
The ruling was correct. In addition to compelling the State to disclose the names of its witnesses, the defense motion would impose an obligation upon the State to furnish the defense with copies of the rap sheets of all the State's witnesses. The defense may not impose either of these requirements upon the prosecutor. Due process does not require the prosecution to open its files to defense counsel, and the records of arrests and convictions are available to the public and may be obtained by the defense. La.Rev.Stat. 44:1 and 3; State v. Sheppard, 350 So.2d 615 (La.1977); State v. Major, 318 So.2d 19 (La.1975).

Assignments 7 and 8
The victim of this crime was a girl nine years old. She was attacked while her mother was away from the house and the child was alone with her ten-year-old brother and another child. Her attacker carried her outside for a brief interval and then re-entered the house where he had sexual intercourse with her. He then departed. When the victim's mother returned and learned what had happened she summoned the police who arrived shortly thereafter.
In connection with the investigation which followed Officer Fred Davis of the West Monroe Police returned to the victim's residence the next day where he presented a group of six photographs, asking if her attacker were included. She readily pointed to the photograph of defendant as her assailant.
When the victim was questioned by the prosecutor at the trial relative to this photographic identification, defense counsel objected that the photographs were inadmissible because they were irrelevant and because defendant was not identified from the witness stand by the victim. Furthermore, the photographs were said to be objectionable because they were mug shots and were cumulative evidence. Mug shots, it was argued, were evidence of other crimes and as such their admission into evidence would constitute a violation of defendant's privilege against self-incrimination. Finally, it was contended the photographs were inflammatory and tended to prejudice the jury because of the flimsy effort to hide the fact that they were mug shots by pasting paper over the printed data which identified them as such.
These objections were overruled and the six photographs were presented to the victim. She pointed to defendant's photograph as her assailant. She also identified the defendant in person as the man who ravished her.
*1091 In his per curiam to these assignments the trial judge stated that evidence of the photographic identification of defendant by the victim within a few hours of the crime was relevant as the earliest evidence of the victim's recollection of her assailant's identity. He found also that the display of the photographs was not prejudicial, the printed information being properly obliterated and the subjects being very similar in looks, color and hair styles.
The admissibility of the photographs was properly established. As the trial judge observed, the photographic lineup at the victim's residence was the best evidence in point of time of the victim's power of recollection. Memory is dimmed by the passage of time and it is important to law enforcement and to the rights of the defendant that identification be confirmed or denied before recollection is clouded and misidentification becomes more likely.
Nor is the objection well-founded that these photographs were unduly prejudicial as mug shots. All six photographs are in the record. Only the busts of the subjects are depicted. The six subjects are notably similar. All had the same hair style, color of skin, and facial characteristics. They appeared to be about the same age. The usual information imprinted on mug shots was discreetly covered. Nothing unduly suggestive indicated that defendant's photograph was included in those shown. In showing the photographs to the jury, they were displayed on the counsel's table and the jury was instructed to look at them as they walked by the table. Consequently, the photographic lineup was demonstrated to be fair, and evidence concerning the lineup was properly admissible. State v. Hall, 261 La. 777, 260 So.2d 913 (1972).
A claim that allowing photographs of an accused into evidence is a denial of the constitutional privilege against self-incrimination has no merit. U.S.Const. amend. V; La.Const. art. I, § 16; Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). A photograph is no more within the privilege of an accused against self-incrimination than is his physical appearance. Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966). The privilege is a bar against compelling "communications" or "testimony"; and the compulsion which makes a suspect or accused the source of "real or physical" evidence does not violate the privilege. Schmerber v. California, supra; State v. Tillett, 351 So.2d 1153 (La.1977).
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs, but does not completely agree with the reasons assigned in connection with assignment No. 2.
NOTES
[*] Dixon, J., would grant a rehearing.