COVINGTON, Judge.
Defendant pled guilty to receiving stolen things in violation of La.R.S. 14:69; felony theft in violation of La.R.S. 14:67 and two counts of simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2. He was sentenced to serve twelve years each for the counts of burglary of an inhabitated dwelling, with the sentences to run consecutively; two years for the charge of receiving stolen goods, which runs concurrently with the burglary sentences, and five years for the felony theft, which also runs concurrently with the other sentences. On appeal, his only assignment of error is that the trial court imposed excessive sentences.
The Louisiana Constitution of 1974, Article I, Section 20 provides that no law shall subject a person to “... cruel, excessive, or unusual punishment.” Excessive punishment has been defined by Louisiana courts as that which is:
Barbarous, extraordinary or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men. State v. Crook, 253 La. 961, 221 So.2d 473, 476 (1969).
Generally, a sentence is unconstitutional when it is nothing more than a purposeless and needless imposition of pain and suffering that is grossly out of proportion to the severity of the offense. In determining whether a sentence is grossly disproportionate to the severity of the crime, this Court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the punishment is disproportionate to the crime as to shock sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). The general types of factors which should be considered by a trial judge before the imposition of a sentence on a particular offender include his personal history, prior criminal record, the seriousness of the crime, the circumstances of the offense, the likelihood that the defendant will commit another crime, and his potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The record of the sentence hearing reflects that the district court judge adequately contemplated the guidelines for *362 sentencing as set forth in La.C.Cr.P. art. 894.1. He found that defendant’s juvenile and adult arrest records indicate that defendant is ineligible for probation and noted that defendant did not succeed in prior probationary periods. We agree with the trial judge that the defendant poses an unusual risk of committing another crime if released and that a lesser sentence would deprecate the seriousness of the crimes.
Wide discretion is given the trial judge in the imposition of sentence within the applicable statutory limits; in the absence of manifest abuse, his sentence should not be set aside as excessive. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979).
Accordingly, and for the above reasons, we find defendant’s assignment of error to be without merit. The sentences imposed are affirmed.
AFFIRMED.