NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 10-257

STATE OF LOUISIANA

VERSUS

KEVIN T. ARNDT

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2009-418
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED IN PART; VACATED IN PART.

David W. Burton
District Attorney - 36th Judicial District Court
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Plaintiff/Appellee:
State of Louisiana

**Richard Alan Morton**
**Assistant District Attorney**
**P. O. Box 99**
**DeRidder, LA 70634-0099**
**(337) 463-5578**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
**Kevin T. Arndt**

**EZELL, JUDGE.**

On May 1, 2009, the Defendant, Kevin T. Arndt, was originally charged by bill of information with simple burglary of an inhabited dwelling and theft of property having a value greater than $500.00. The bill was amended on October 9, 2009, charging him with illegal possession of stolen things over $500.00, a violation of La.R.S. 14:69. On October 19, 2009, the Defendant entered a guilty plea to the charge as amended, and the State agreed not to file a habitual offender bill.

The Defendant was sentenced on December 7, 2009, to serve six years at hard labor and to pay a fine of $2,000.00 plus court costs, $500.00 to the criminal court fund, and $2,000.00 in restitution to the victim, Joyce Clark. A motion to reconsider sentence was filed on December 8, 2009, and was denied following a hearing on December 14, 2009.

The Defendant is now before this court on appeal, asserting that his sentence and fine are excessive and that the trial court erred in ordering restitution. We find that the Defendant's sentence, fine and restitution should be affirmed and the $500.00 payment to the Criminal Court Fund should be vacated.

## FACTS

At sentencing, the trial court stated that the Defendant was found in possession of twelve new pairs of tennis shoes that had been stolen from the residence of his next-door neighbor.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

1

As part of the Defendant's sentence, the court ordered payment of $500.00 to the criminal court fund without suspending a portion of the Defendant's sentence. Louisiana Code of Criminal Procedure Article 895.1 states, in pertinent part:

> B.  When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
>
> . . . .
>
> (2) To the criminal court fund to defray the costs of operation of that court.

We are unaware of authority allowing the trial court to order payment to the criminal court fund without suspending a portion of a defendant's sentence. Accordingly, we vacate this portion of the Defendant's sentence.

## ASSIGNMENT OF ERROR NUMBERS ONE AND THREE

By these assignments of error, the Defendant argues that his six-year hard labor sentence is nothing more than a needless imposition of pain and suffering, and thus, violates the Louisiana and United States Constitutions.  The Defendant contends that his sentence was imposed without proper consideration to the specific facts of the crime and to sentences imposed for similar crimes.

With regard to his fine, the Defendant maintains that there was no mandatory fine required by law, and thus, the trial court should not have imposed a fine after determining the Defendant's status as an indigent prior to sentencing.  The Defendant concludes that the fine due and payable after he serves his sentence is unreasonable, and again, is nothing more than a needless imposition of pain and suffering.

In his motion to reconsider sentence filed in the trial court, the Defendant did not set forth specific grounds upon which his motion was based, stating only that the sentence imposed was excessive.  Pursuant to La.Code Crim.P. art. 881.1(E), a

2

motion to reconsider sentence must be based upon a specific ground, and thus, the Defendant is relegated to a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993); *State v. Franco*, 08-1071 (La.App. 3 Cir. 4/1/09), 8 So.3d 790, *writ denied*, 09-1439 (La. 2/12/10), 27 So.3d 843.

In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, (quoting *State v. Whatley*, 03-1275 pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958) (alterations in original) this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993)(quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96, 674 So.2d 957), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for illegal possession of stolen things valued in excess of $500.00 is imprisonment of not more than ten years, with or without hard labor, or a fine of not more than $3,000.00, or both. La.R.S. 14:69(B)(1). As such, the Defendant's six-year sentence is a mid-range sentence and his $2,000.00 fine is two-thirds of the maximum possible fine allowed by law. We note that the trial court did not order default prison time in the event the Defendant is unable to pay the fine upon his release from prison. As such, not only is the fine within the statutory limit, it was not prohibited.

As a result of the Defendant's plea agreement, his sentencing exposure was significantly reduced. Prior to his plea agreement, the Defendant faced an additional sentence of one to twelve years, without benefit of parole, probation, or suspension of sentence, for simple burglary of an inhabited dwelling.[1] La.R.S. 14:62. Additionally, the Defendant, a third felony offender, was not charged as a habitual offender. As such, he avoided a maximum possible sentence of twenty-four years for simple burglary of an inhabited dwelling, as originally charged, or twenty years for the offense to which he pled guilty. La.R.S. 14:529.1.

At sentencing, the trial court indicated that in arriving at the appropriate sentence, it reviewed the entire record, the Presentence Investigation Report, and a letter from the district attorney regarding the matter. The trial court added that it reviewed the factors in La.Code Crim.P. art. 894.1, and made the following observations:

---

[1]The penalties for theft of property having a value greater than $500.00 and the crime for which he pled guilty are the same, thus, this sentencing exposure was unchanged with regard to this aspect of his plea agreement.

The Court notes that Mr. Arndt, despite his youth of only 27 years, has quite an extensive criminal history, going all the way back to two juvenile convictions, one for theft and one for simple criminal damage to property, as well as prior felony convictions for simple burglary of an inhabited dwelling, as well as [a] felony conviction for simple escape, those in 2001 and 2002.

It also appears, Mr. Arndt, that other than the time periods between 2001, 2002, and the present when you were incarcerated, you were constantly in and out of jail by being revoked on your suspended sentences. On the original burglary conviction from 2001, you were revoked four different times. Your probation was. And then, of course, you have the current instant felony offenses. So you have -- you are a third felony offender, which, first of all, so that you understand, removes any ability that the Court has to craft a suspended or probated sentence in this matter except with the expressed concurrence of the District Attorney's Office, which they have not done in this matter.

. . . .

Quite honestly, Mr. Arndt, you received a tremendous advantage in the plea agreement in this matter when the charges of theft and simple burglary were reduced to reach a plea, as well as the State having not chosen to file a habitual offender proceeding.

Quite frankly, the story that you came into possession of these stolen shoes by virtue of somebody you met down at an apartment that you don't really know the name of and that then the shoes were found in your residence and you just happened to live right next door to the house from which they were burglarized and stolen from is just a little bit beyond believability.

. . . .

The prior sentence in this matter of six years with the Department of Corrections apparently did not convince you to stop your criminal behavior or to take advantage of any opportunities while you were incarcerated to obtain your GED. . . .

The Defendant argues on appeal that he did not, in fact, receive an advantage as a result of his guilty plea. The Defendant correctly asserts that the amendment to the bill of information occurred ten days prior to his guilty plea and not at the time he entered his plea. Also, the Defendant maintains that a review of the discovery materials to which the trial court referred at sentencing indicates that the State did not have any evidence that he was the person who removed the shoes from the home.

5

The Defendant contends that without such evidence, the State amended the bill of information because it could not prove the offense for which he was originally charged. Accordingly, the Defendant argues that the trial court improperly considered such benefit in determining the Defendant's sentence.

However, this issue was not raised in the Defendant's motion to reconsider sentence. Pursuant to La.Code Crim.P. art. 881.1, the Defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Thus, the Defendant's allegation regarding the trial court's improper consideration of a benefit received from his plea agreement is not properly before this court and will not be considered herein.

In support of his claim of excessiveness, the Defendant compares the sentence in the instant case to those in *State v. Russell*, 397 So.2d 1319 (La.1981), and *State v. Jackson*, 432 So.2d 360 (La.App. 1 Cir. 1983). In *Russell*, the defendant's sentence of three-and-one-half years at hard labor for receiving stolen things, a dump truck and bulldozer, was affirmed. The defendant was involved in a "sting" operation where he participated in the sale of the stolen truck and bulldozer. In *Jackson*, the defendant was sentenced to two years for receiving stolen goods, to run concurrently with his two twelve-year consecutive sentences for two counts of burglary of an inhabited dwelling. He was also sentenced to five years for felony theft to run concurrently with his burglary sentences. The sentences were affirmed on appeal. No other facts regarding the offenses were provided.

We reviewed the jurisprudence for similar sentences. In *State v. Bounds*, 38,330 (La.App. 2 Cir. 5/12/04), 873 So.2d 901, the fifty-five-year-old defendant, a first felony offender, was convicted of six counts of illegal possession of stolen things, farm equipment, valued over $500.00. The defendant was sentenced to six

6

concurrent sentences of five years at hard labor, four years suspended. The sentences were affirmed on appeal. In *State v. Randle*, 02-309 (La.App. 3 Cir. 10/2/02), 827 So.2d 657, the defendant's sentence of five years, one year suspended, for felony illegal possession of stolen things was affirmed. The trial court noted that the defendant had committed another crime while awaiting sentencing and found that the defendant's prior convictions and criminal activity supported its opinion that he was in need of correctional treatment. Lastly, in *State v. Short*, 00-866 (La.App. 5 Cir. 10/18/00), 769 So.2d 823, *writ denied*, 00-3271 (La. 8/24/01), 795 So.2d 336, the defendant's sentence of eight years and a fine of $2,000.00 on each of the two counts of illegal possession of stolen things valued at $500.00 or more was affirmed. The trial court noted that the defendant acted with others in committing the crimes, was the leader in the criminal activity, and had an extensive juvenile record. The court found an undue risk that the defendant would continue to commit the same crimes if not incarcerated.

Considering the jurisprudence discussed herein, the length of imprisonment, a mid-range sentence, and fine are in line with sentences imposed for similar crimes. Also, in light of the benefit received from the Defendant's plea agreement, we find the sentence is not excessive, and thus, these assignments are without merit.

### ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error, the Defendant argues that the trial court erred in ordering restitution. The Defendant maintains that the trial court did not properly determine the amount of restitution owed or to whom the restitution was due. Louisiana Code of Criminal Procedure Article 883.2 provides, in pertinent part,

> A. In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of

any sentence that the court shall impose.

As part of the Defendant's sentence in the instant case, the trial court ordered him to pay $2,000.00 in restitution to the victim, Joyce Clark.

On appeal, the Defendant complains that there is no suggestion the parties agreed to the amount of restitution or that any evidence was introduced at sentencing as to the amount of restitution owed. Also, the Defendant asserts that a genuine issue exists as to whom the restitution is owed.

The Defendant did not raise this issue in his motion to reconsider sentence. Pursuant to La.Code Crim.P. art. 881.1, the Defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Thus, the Defendant's allegation regarding the error in ordering restitution is not properly before this court for the first time on appeal and will not be considered herein.

## DECREE

The Defendant's sentence with regard to imprisonment, restitution, and fine are affirmed. This court also vacates the portion of the Defendant's sentence ordering payment of $500.00 to the criminal court fund.

**AFFIRMED IN PART; VACATED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.